Gaughan 2nd' Amend Complaint
Atty 6209128

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

JT

**FILED**

| | |
|---|---|
| BRIAN GAUGHAN, KEVIN GAUGHAN, ) | **JULY 24, 2008** |
| MELISSA KELLEY AS PARENT OF ) | MICHAEL W. DOBBINS |
| NICHOLE SURBER, PAUL BEISNER AS ) | CLERK, U.S. DISTRICT COURT |
| PARENT OF STEVEN BEISNER, ) | |
| PENNY OSBORN AS PARENT OF ) | |
| CASSANDRA CRAFT and ) | **08 C 50151** |
| TAMARA MCMACKIN AS PARENT OF ) | |
| ZACHARY MCMACKIN ) | |
| ) | **JUDGE KAPALA** |
| Plaintiffs ) | **MAGISTRATE JUDGE MAHONEY** |
| ) | |
| v. ) | Civil Action No. 05 C 4664 |
| ) | |
| OFFICER SCOTT CRAWFORD, ) | Honorable Philip G. Reinhard |
| POLICE CHIEF LARRY MASON ) | |
| OFFICER KELLY GIVEN, ) | Magistrate P. Michael Mahoney |
| THE CITY OF MARENGO ) | |
| SPECIAL AGENT WILLIAM KRONCKE, ) | |
| SPECIAL AGENT VIRGIL SCHROEDER, ) | JURY DEMANDED |
| and SARGEANT RODNEY RILEY ) | |
| ) | |
| Defendants ) | |

## SECOND AMENDED COMPLAINT

## JURISDICTION

1.  This is an action brought for damages and other appropriate relief under 42 U.S.C., section 1983, for violation of the plaintiff's Federal Civil Rights by the defendants, whose actions were taken under the color of State law.  This action is also based on battery and negligent hiring and retention, reckless hiring and retention.

2.  Jurisdiction is conferred upon this court by 28 U.S.C., section 1331, 28 U.S.C., section 1343(a)(3), and under Principles of Pendent Jurisdiction.

3.  These matters are joined pursuant to the Rule 20(a) of the Federal Rules of Civil Procedure as they involve a series of occurrences with similarly situated plaintiffs and said causes have duplicate questions of law and fact.

4.   On or about October 8, 2004, and at all times relevant herewith, the plaintiff, BRIAN GAUGHAN, whose date of birth is June 15, 1983, was a resident of the City of Marengo, County of McHenry and State of Illinois, and he lives at the location of 3702 Standish in said city.

5.   On or about October 8, 2004, and at all times relevant herewith, the plaintiff, KEVIN GAUGHAN, whose date of birth is May 31, 1986, was a resident of the City of Dekalb, County of Dekalb and State of Illinois, and he lives at the location of 131 John Street, #6 in said city.

6.   On or about September 24, 2004, and at all times relevant herewith, the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor whose date of birth is September 11, 1988, was a resident of the City of Marengo, County of McHenry and State of Illinois, and she lives at the location of 630 West Prairie in said city with said minor.

7.   On or about June 9, 2003, and at all times relevant herewith, the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor whose date of birth is June 3, 1988, was a resident of the City of Marengo, County of McHenry and State of Illinois, and he lives at the location of 20115 West Coral Road in said city with said minor.

8.   On or about June 8, 2004, and at all times relevant herewith, the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor whose date of birth is August 17, 1988, was a resident of the City of Shorewood, State of Minnesota, and she lives at the location of 5540 County Road 19 in said city with said minor.

9.   On or about October 8, 2004, and at all times relevant herewith, the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor whose date of birth is October 27, 1987, was a resident of the City of Marengo, County of McHenry and State of Illinois, and she lives at the location of 617 1st Avenue in said city with said minor.

10. On each of these dates, the defendant, THE CITY OF MARENGO, was a municipal corporation organized under the laws of the State of Illinois.

11. On each of these dates, and at all times relevant herewith, the defendant, OFFICER SCOTT CRAWFORD, was employed by the Police Department of the defendant, THE CITY OF MARENGO.

12. On each of these dates or before said dates, and at all times relevant herewith, the defendant, POLICE CHIEF LARRY MASON, was employed by the Police Department of the defendant, THE CITY OF MARENGO.

13. On each of these dates, and at all times relevant herewith, the defendant, OFFICER KELLY GIVEN, was employed by the Police Department of the defendant, THE CITY OF MARENGO.

**COUNT I**
**EXCESSIVE FORCE-1983**
**(BRIAN GAUGHAN)**

NOW COMES the plaintiff, BRIAN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD, states that:

1.   On or about October 8, 2004, at approximately 9:30 PM, the plaintiff, BRIAN GAUGHAN, was lawfully on state supported land at 142 E. Prairie in the City of Marengo, County of McHenry and State of Illinois.

2.   At the time and place aforesaid, the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, were present and in uniform as law enforcement officers of defendant, THE CITY OF MARENGO.

3.   At the time and place aforesaid, the defendants approached the plaintiff, BRIAN GAUGHAN, who was standing in a public parking lot.

4.   The defendant, OFFICER SCOTT CRAWFORD, without provocation, need or explanation, placed the plaintiff, BRIAN GAUGHAN, under arrest.

5.   In the course of the arrest, the defendant, OFFICER SCOTT CRAWFORD, without provocation, need or explanation restrained the plaintiff, BRIAN GAUGHAN, by handcuffing the plaintiff's wrists behind the plaintiff's back.

6.   The defendant, OFFICER SCOTT CRAWFORD, without provocation, need or explanation then escorted the plaintiff, BRIAN GAUGHAN, towards the nearby police station of the defendant, THE CITY OF MARENGO.  The defendant deliberately, maliciously and willfully lifted the plaintiff, BRIAN GAUGHAN's, arms in such a manner as to cause pain to the plaintiff, BRIAN GAUGHAN.

7.  The defendant, OFFICER SCOTT CRAWFORD, deliberately, maliciously and willfully ignored the plaintiff, BRIAN GAUGHAN's, exclamations of pain made in protest to the manner in which the defendant was lifting the plaintiff, BRIAN GAUGHAN's, arms.

8.  The defendant, OFFICER SCOTT CRAWFORD, deliberately, maliciously and willfully continued to escort the plaintiff, BRIAN GAUGHAN, in a manner intended to cause pain to the plaintiff, BRIAN GAUGHAN.  During the course of the walk to the nearby police station, the defendant deliberately, maliciously and willfully forced the plaintiff, BRIAN GAUGHAN, to fall face first onto the asphalt parking lot.

9.  The defendant, OFFICER SCOTT CRAWFORD, after forcing the plaintiff, BRIAN GAUGHAN, to fall face first onto the asphalt parking lot, then proceeded to deliberately, maliciously and willfully drag the plaintiff, BRIAN GAUGHAN, several feet across the surface of the parking lot.

10. The defendant, OFFICER SCOTT CRAWFORD, upon reaching the entrance to the police station, deliberately, willfully and maliciously forced the plaintiff, BRIAN GAUGHAN's, head to make a brutal impact with the hallway wall of the police station.

11. The plaintiff, BRIAN GAUGHAN, suffered needless physical pain, as well as humiliation and emotional distress as a result of defendant OFFICER SCOTT CRAWFORD'S deliberate, willful and malicious actions.

12. At no time prior to or during the arrest did the plaintiff, BRIAN GAUGHAN, ever use any lewd or derogatory language towards the defendant, OFFICER SCOTT CRAWFORD, and at no time prior to or during the arrest did the plaintiff, BRIAN GAUGHAN, make any physical threats or threatening gestures towards the defendant, OFFICER SCOTT CRAWFORD.  The plaintiff, BRIAN GAUGHAN, never hit or struck the defendant, OFFICER SCOTT CRAWFORD, and made no attempt to hit or strike him at any time, nor did he ever resist or make any effort to resist the arrest.

13. At the time and place aforesaid, and at all times relevant herewith, the defendant, OFFICER SCOTT CRAWFORD, was acting as the duly authorized agent of the defendant, THE CITY OF MARENGO, and was then and there acting within the scope of said employment with said principal, under the color of state law.

14. In arresting the plaintiff, BRIAN GAUGHAN, the defendant used physical force which was clearly excessive in light of the circumstances existing at the time of the arrest.  Further, the defendant used excessive force with the willful and specific intent to inflict unnecessary harm upon the plaintiff, BRIAN GAUGHAN, and such use of force caused and was intended to cause physical and mental injuries to the plaintiff, BRIAN GAUGHAN.

15. At the Marengo Police Department, the defendant swore out complaints against the plaintiff, BRIAN GAUGHAN, for Aggravated Battery to a Police Officer, Criminal Damages to State Supported Property, Criminal Trespass to State Supported Land, and Resisting a Peace Officer.

16. The plaintiff, BRIAN GAUGHAN's, arrest by the defendant with the use of excessive force was in violation of his rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

17. The plaintiff, BRIAN GAUGHAN, suffered painful personal injury, humiliation and emotional distress as a result of being arrested with excessive force.

18. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, BRIAN GAUGHAN, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, BRIAN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff and against the defendant, OFFICER SCOTT CRAWFORD, and that the following relief be awarded:

    A.    That the plaintiff, BRIAN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

    B.    That the plaintiff, BRIAN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

    C.    That the plaintiff, BRIAN GAUGHAN, be awarded attorney's fees and costs under section 1988; and

    D.    Such other relief as this court deems appropriate.

## COUNT II

## BATTERY
## (BRIAN GAUGHAN)

NOW COMES the plaintiff, BRIAN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD, states that:

1-15 The plaintiff, BRIAN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-15 of Count I of this Complaint as Paragraphs 1-15 of Count II of this Complaint.

13. The defendant, OFFICER SCOTT CRAWFORD's, acts were intended to and did indeed cause bodily harm to the plaintiff, BRIAN GAUGHAN's, person.

14. The defendant, OFFICER SCOTT CRAWFORD's, acts were committed outside of the scope of his authority and constituted a battery upon the plaintiff, BRIAN GAUGHAN's, person. Further, the defendant, OFFICER SCOTT CRAWFORD's actions were intended to injure the plaintiff, BRIAN GAUGHAN.

**WHEREFORE,** the plaintiff, BRIAN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, BRIAN GAUGHAN, and against the defendant, OFFICER SCOTT CRAWFORD, and that the following relief be awarded:

    A.      That the plaintiff, BRIAN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

    B.      That the plaintiff, BRIAN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

    C.      Such other relief as this court deems appropriate.

## COUNT III
## FALSE ARREST-1983
## (BRIAN GAUGHAN)

NOW COMES the plaintiff, BRIAN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD, states that:

1-15 The plaintiff, BRIAN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-15 of Count I of this Complaint as Paragraphs 1-15 of Count III of this Complaint.

16. The defendant, OFFICER SCOTT CRAWFORD, arrested the plaintiff, BRIAN GAUGHAN, with Aggravated Battery, Criminal Damages to State Supported Property, Criminal Trespass to State Supported Land, and Resisting a Peace Officer.

17. The defendant, OFFICER SCOTT CRAWFORD, knew he had no probable cause for arresting the plaintiff, BRIAN GAUGHAN, and did not have a good faith belief that the plaintiff, BRIAN GAUGHAN, was guilty of the offenses charged against him.

18. The plaintiff, BRIAN GAUGHAN's, arrest by the defendant, OFFICER SCOTT CRAWFORD, was in violation of his rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

19. As a result of this unprovoked, needless and malevolent arrest, the plaintiff, BRIAN GAUGHAN, suffered physical and emotional injury.

20. As a result of this unprovoked, needless and malevolent arrest, the plaintiff, BRIAN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

21. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, BRIAN GAUGHAN, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, BRIAN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, BRIAN GAUGHAN, and against the defendant, OFFICER SCOTT CRAWFORD, and that the following relief be awarded:

A.    That the plaintiff, BRIAN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, BRIAN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    That the plaintiff, BRIAN GAUGHAN, be awarded attorney's fees and costs under section 1988; and

D.    Such other relief as this court deems appropriate.

## COUNT IV
## FALSE ARREST-State
## (BRIAN GAUGHAN)

NOW COMES the plaintiff, BRIAN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD, states that:

1-15 The plaintiff, BRIAN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-15 of Count I of this Complaint as Paragraphs 1-15 of Count IV of this Complaint.

16. The defendant, OFFICER SCOTT CRAWFORD, arrested the plaintiff, BRIAN GAUGHAN, with Aggravated Battery to a Police Officer, Criminal Damages to State Supported Property, Criminal Trespass to State Supported Land, and Resisting a Peace Officer.

17. The defendant, OFFICER SCOTT CRAWFORD, knew he had no probable cause for arresting the plaintiff, BRIAN GAUGHAN, and did not have a good faith belief that the plaintiff, BRIAN GAUGHAN, was guilty of the offenses charged against him.

18. The defendant, OFFICER SCOTT CRAWFORD's, acts were intended to and did indeed cause plaintiff, BRIAN GAUGHAN, to be arrested under false pretenses.

19. As a result of this unprovoked, needless and malevolent arrest, the plaintiff, BRIAN GAUGHAN, suffered physical and emotional injury.

20. As a result of this unprovoked, needless and malevolent arrest, the plaintiff, BRIAN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

**WHEREFORE,** the plaintiff, BRIAN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, BRIAN GAUGHAN, and against the defendant, OFFICER SCOTT CRAWFORD, and that the following relief be awarded:

A.    That the plaintiff, BRIAN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, BRIAN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    Such other relief as this court deems appropriate.

## COUNT V
## MALICIOUS PROSECUTION-1983
## (BRIAN GAUGHAN)

NOW COMES the plaintiff, BRIAN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD, states that:

1-15 The plaintiff, BRIAN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-15 of Count I of this Complaint as Paragraphs 1-15 of Count V of this Complaint.

16. The defendant, OFFICER SCOTT CRAWFORD, charged the plaintiff, BRIAN GAUGHAN, with Aggravated Battery to a Police Officer, Criminal Damages to State Supported Property, Criminal Trespass to State Supported Land, and Resisting a Peace Officer.

17. The defendant, OFFICER SCOTT CRAWFORD, knew he had no probable cause for arresting the plaintiff, BRIAN GAUGHAN, and did not have a good faith belief that the plaintiff, BRIAN GAUGHAN, was guilty of the offense charged against him.

18. The defendant, OFFICER SCOTT CRAWFORD, participated in the prosecution the plaintiff, BRIAN GAUGHAN, despite knowing the plaintiff, BRIAN GAUGHAN, was not guilty of the offenses charged.

19. The defendant, OFFICER SCOTT CRAWFORD, made false statements before a grand jury regarding the plaintiff, BRIAN GAUGHAN's, conduct despite knowing the plaintiff, BRIAN GAUGHAN, was not guilty of the offenses charged.

20. The plaintiff, BRIAN GAUGHAN's, prosecution by the defendant, OFFICER SCOTT CRAWFORD, was in violation of his rights under the Fourteenth Amendment of the United States Constitution to be free from malicious prosecution and his right under the Fourteenth Amendment of the United States to due process of law.

21. As a result of this unprovoked, needless and malevolent prosecution, the plaintiff, BRIAN GAUGHAN, suffered physical and emotional injury.

22. As a result of this unprovoked, needless and malevolent prosecution, the plaintiff, BRIAN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

23. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, BRIAN GAUGHAN, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, BRIAN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, BRIAN GAUGHAN, and against the defendant, OFFICER SCOTT CRAWFORD, and that the following relief be awarded:

A.     That the plaintiff, BRIAN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.     That the plaintiff, BRIAN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.     That the plaintiff, BRIAN GAUGHAN, be awarded attorney's fees and costs under section 1988; and

D.     Such other relief as this court deems appropriate.

## COUNT VI
## MALICIOUS PROSECUTION-State
### (BRIAN GAUGHAN)

NOW COMES the plaintiff, BRIAN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD, states that:

1-15 The plaintiff, BRIAN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-15 of Count I of this Complaint as Paragraphs 1-15 of Count VI of this Complaint.

16. The defendant, OFFICER SCOTT CRAWFORD, charged the plaintiff, BRIAN GAUGHAN, with Aggravated Battery to a Police Officer, Criminal Damages to State Supported Property, Criminal Trespass to State Supported Land, and Resisting a Peace Officer.

17. The defendant, OFFICER SCOTT CRAWFORD, knew he had no probable cause for arresting the plaintiff, BRIAN GAUGHAN, and did not have a good faith belief that the plaintiff, BRIAN GAUGHAN, was guilty of the offense charged against him.

18. The defendant, OFFICER SCOTT CRAWFORD, participated in the prosecution the plaintiff, BRIAN GAUGHAN, despite knowing the plaintiff, BRIAN GAUGHAN, was not guilty of the offenses charged.

19. The defendant, OFFICER SCOTT CRAWFORD, made false statements before a grand jury regarding the plaintiff, BRIAN GAUGHAN's, conduct despite knowing the plaintiff, BRIAN GAUGHAN, was not guilty of the offenses charged.

19. As a result of this unprovoked, needless and malevolent arrest, the plaintiff, BRIAN GAUGHAN, suffered physical and emotional injury.

20. As a result of this unprovoked, needless and malevolent prosecution, the plaintiff, BRIAN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

**WHEREFORE,** the plaintiff, BRIAN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, BRIAN GAUGHAN, and against the defendant, OFFICER SCOTT CRAWFORD, and that the following relief be awarded:

A.    That the plaintiff, BRIAN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, BRIAN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    Such other relief as this court deems appropriate.

**COUNT VII**
**MARENGO-1983**
**(BRIAN GAUGHAN)**

NOW COMES the plaintiff, BRIAN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-15 The plaintiff, BRIAN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-15 of Count I of this Complaint as Paragraphs 1-15 of Count VII of this Complaint.

16. The defendant, THE CITY OF MARENGO, has violated the plaintiff, BRIAN GAUGHAN's, constitutional rights through implementation of a custom, policy or official acts of the defendant, THE CITY OF MARENGO.

17. The defendant, THE CITY OF MARENGO, has consistently and habitually failed to take the appropriate corrective action against the defendant, OFFICER SCOTT CRAWFORD and other Marengo police officers who are guilty of using excessive force, false arrest and malicious prosecution.

18. The defendant, THE CITY OF MARENGO, has consistently and habitually failed to conduct adequate investigations into the defendant, OFFICER SCOTT CRAWFORD and other Marengo police officers accused of using excessive force, false arrest and malicious prosecution.

19. The defendant, THE CITY OF MARENGO, by and through the defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against the defendant, OFFICER SCOTT CRAWFORD and other Marengo police officers guilty of using excessive force, false arrest and malicious prosecution.

20. The defendant, THE CITY OF MARENGO, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD and other Marengo police officers, accepted, promulgated and encouraged the conduct of said officers.

21. The defendant, THE CITY OF MARENGO, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD and other Marengo police officers, created a custom and policy of such behavior.

22. The defendant, THE CITY OF MARENGO, as a result of the foregoing, has tacitly approved and implicitly ratified the conduct of the defendant, OFFICER SCOTT CRAWFORD against the plaintiff, BRIAN GAUGHAN, and other Marengo police officers guilty of using excessive force, false arrest and malicious prosecution.

23. The defendant, THE CITY OF MARENGO, violated the plaintiff, BRIAN GAUGHAN's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

24. The defendant, THE CITY OF MARENGO, was at all times acting under the color of State law.

25. As a result of the custom and policy of the defendant, THE CITY OF MARENGO, condoning arrests with excessive force, false arrests and malicious prosecutions, the plaintiff, BRIAN GAUGHAN, suffered painful personal injury, humiliation and emotional distress.

26. As a result of the custom and policy of the defendant, THE CITY OF MARENGO, and the needless and malevolent arrest and prosecution, the plaintiff, BRIAN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

22. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, BRIAN GAUGHAN, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, BRIAN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, BRIAN GAUGHAN, and against the defendant, THE CITY OF MARENGO, and that the following relief be awarded:

    A.    That the plaintiff, BRIAN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

    B.    That the plaintiff, BRIAN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

    C.    That the plaintiff, BRIAN GAUGHAN, be awarded attorney's fees and costs under section 1988; and

    D.    Such other relief as this court deems appropriate.

## COUNT VIII
### MASON-1983
### (BRIAN GAUGHAN)

NOW COMES the plaintiff, BRIAN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, POLICE CHIEF LARRY MASON, states that:

1-15 The plaintiff, BRIAN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-15 of Count I of this Complaint as Paragraphs 1-15 of Count VIII of this Complaint.

16. The defendant, POLICE CHIEF LARRY MASON, has violated the plaintiff, BRIAN GAUGHAN's, constitutional rights through implementation of a custom, policy or official acts of the defendant, THE CITY OF MARENGO.

17. The defendant, POLICE CHIEF LARRY MASON, has consistently and habitually failed to take the appropriate corrective action against the defendant, OFFICER SCOTT CRAWFORD and other Marengo police officers who are guilty of using excessive force, false arrest and malicious prosecution.

18. The defendant, POLICE CHIEF LARRY MASON, has consistently and habitually failed to conduct adequate investigations into the defendant, OFFICER SCOTT

CRAWFORD and other Marengo police officers accused of using excessive force, false arrest and malicious prosecution.

19. The defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against the defendant, OFFICER SCOTT CRAWFORD and other Marengo police officers guilty of using excessive force, false arrest and malicious prosecution.

20. The defendant, POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD and other Marengo police officers, accepted, promulgated and encouraged the conduct of said officers.

21. The defendant, POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD and other Marengo police officers, created a custom and policy of such behavior.

20. The defendant, POLICE CHIEF LARRY MASON, as a result of the foregoing, has tacitly approved and implicitly ratified the conduct of the defendant, OFFICER SCOTT CRAWFORD against the plaintiff, BRIAN GAUGHAN, and other Marengo police officers guilty of using excessive force, false arrest and malicious prosecution.

21. The defendant, POLICE CHIEF LARRY MASON, violated the plaintiff, BRIAN GAUGHAN's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

22. The defendant, POLICE CHIEF LARRY MASON, was at all times acting under the color of State law.

23. As a result of the custom and policy of the defendant, POLICE CHIEF LARRY MASON, condoning arrests with excessive force, false arrests and malicious prosecutions, the plaintiff, BRIAN GAUGHAN, suffered painful personal injury, humiliation and emotional distress.

24. As a result of the custom and policy of the defendant, POLICE CHIEF LARRY MASON, and the needless and malevolent arrest and prosecution, the plaintiff, BRIAN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

25. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, BRIAN GAUGHAN, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, BRIAN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, BRIAN GAUGHAN, and against the defendant, POLICE CHIEF LARRY MASON, and that the following relief be awarded:

A.     That the plaintiff, BRIAN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.     That the plaintiff, BRIAN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.     That the plaintiff, BRIAN GAUGHAN, be awarded attorney's fees and costs under section 1988; and

D.     Such other relief as this court deems appropriate.


**COUNT IX**
**RECKLESS HIRING**
**(BRIAN GAUGHAN)**

NOW COMES the plaintiff, BRIAN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-15 The plaintiff, BRIAN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-15 of Count I of this Complaint as Paragraphs 1-15 of Count IX of this Complaint.

16. Prior to his employment with defendant, THE CITY OF MARENGO, defendant, OFFICER SCOTT CRAWFORD, had been fired or forced to resign from the Police Department of the City of Waukegan for misconduct;

17. The defendant's misconduct stemmed from allegations of police brutality and the use of excessive force in the line of duty;

18. The defendant is currently on paid administrative leave from his duties as a law enforcement officer of defendant, THE CITY OF MARENGO, pending the outcome of two internal investigations unrelated to the events alleged in this Complaint

19. The defendant, THE CITY OF MARENGO, knew or should have known of defendant's past misconduct when hiring the defendant.

20. The defendant, THE CITY OF MARENGO, with a reckless disregard deliberately chose to hire the defendant, OFFICER SCOTT CRAWFORD, despite his unfitness as a law enforcement officer, and this decision was the proximate cause of the physical and emotional injury to the plaintiff, BRIAN GAUGHAN.

21. As a result of this reckless hiring, the plaintiff, BRIAN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

**WHEREFORE,** the plaintiff, BRIAN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, BRIAN GAUGHAN, and against the defendant, THE CITY OF MARENGO, and that the following relief be awarded:

A.      That the plaintiff, BRIAN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.      That the plaintiff, BRIAN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.      Such other relief as this court deems appropriate.

## COUNT X
## RECKLESS RETENTION
## (BRIAN GAUGHAN)

NOW COMES the plaintiff, BRIAN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-15 The plaintiff, BRIAN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-15 of Count I of this Complaint as Paragraphs 1-15 of Count X of this Complaint.

16. Prior to his employment with defendant, THE CITY OF MARENGO, defendant, OFFICER SCOTT CRAWFORD, had been fired or forced to resign from the Police Department of the City of Waukegan for misconduct;

17. The defendant's misconduct stemmed from allegations of police brutality and the use of excessive force in the line of duty;

18. The defendant is currently on paid administrative leave from his duties as a law enforcement officer of defendant, THE CITY OF MARENGO, pending the outcome of two internal investigations unrelated to the events alleged in this Complaint

19. The defendant, THE CITY OF MARENGO, knew or should have known of defendant's past misconduct.

20. The defendant, THE CITY OF MARENGO, despite knowing of defendant's past misconduct and the current investigations pending against the defendant, nonetheless chose to retain the defendant as a law enforcement officer.

21. The defendant, THE CITY OF MARENGO, with a reckless disregard deliberately chose to retain, the defendant, OFFICER SCOTT CRAWFORD, despite his unfitness as a law enforcement officer, and this decision was the proximate cause of the physical and emotional injury to the plaintiff, BRIAN GAUGHAN.

22. As a result of this reckless retention, the plaintiff, BRIAN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

**WHEREFORE,** the plaintiff, BRIAN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, BRIAN GAUGHAN, and against the defendant, THE CITY OF MARENGO, and that the following relief be awarded:

A.      That the plaintiff, BRIAN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.      That the plaintiff, BRIAN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.      Such other relief as this court deems appropriate.


<u>**COUNT XI**</u>
**FALSE ARREST-1983**
**(KEVIN GAUGHAN)**

NOW COMES the plaintiff, KEVIN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, states that:

1.   On or about October 8, 2004, at approximately 9:30 PM, the plaintiff, KEVIN GAUGHAN, was lawfully on state supported land at 142 E. Prairie in the City of Marengo, County of McHenry and State of Illinois.

2.   At the time and place aforesaid, the plaintiff, KEVIN GAUGHAN, approached the defendant, OFFICER SCOTT CRAWFORD, as the defendant was deliberately, maliciously and willfully causing the plaintiff, KEVIN GAUGHAN's, brother, plaintiff BRAIN GAUGHAN, physical pain and emotional injury without provocation, need or explanation.

3.   The defendant, OFFICER SCOTT CRAWFORD, instructed the defendant, OFFICER KELLY GIVEN, to place the plaintiff, KEVIN GAUGHAN, under arrest without provocation, need or explanation.

4.   The defendant, OFFICER KELLY GIVEN, without provocation, need or explanation, placed the plaintiff, KEVIN GAUGHAN, under arrest.

5.  The defendant, OFFICER KELLY GIVEN, without provocation, need or explanation then escorted the plaintiff, KEVIN GAUGHAN, towards the nearby police station of the defendant THE CITY OF MARENGO.

6.  At no time prior to or during the arrest did the plaintiff, KEVIN GAUGHAN, ever use any lewd or derogatory language towards the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and at no time prior to or during the arrest did the plaintiff, KEVIN GAUGHAN, make any threatening gestures towards either of the defendants.  The plaintiff, KEVIN GAUGHAN, never hit or struck either of the defendants, and made no attempt to hit or strike them at any time, nor did he ever resist or make any effort to resist the arrest.

7.  At the Marengo Police Department, the defendant, OFFICER SCOTT CRAWFORD, swore out complaints against the plaintiff, KEVIN GAUGHAN, for Aggravated Battery and Obstructing a Peace Officer.

8.  The defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, knew they had no probable cause for arresting the plaintiff, KEVIN GAUGHAN, and did not have a good faith belief that the plaintiff, KEVIN GAUGHAN, was guilty of the offenses charged against him.

9.  The plaintiff, KEVIN GAUGHAN's, arrest by the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, was in violation of his rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

10. As a result of this unprovoked, needless and malevolent arrest, the plaintiff, KEVIN GAUGHAN, suffered physical and emotional injury.

11. As a result of this unprovoked, needless and malevolent arrest, the plaintiff, KEVIN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

12. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, KEVIN GAUGHAN, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, KEVIN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, KEVIN GAUGHAN, and against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and that the following relief be awarded:

    A.    That the plaintiff, KEVIN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

    B.    That the plaintiff, KEVIN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

    C.    That the plaintiff, KEVIN GAUGHAN, be awarded attorney's fees and costs under section 1988; and

    D.    Such other relief as this court deems appropriate.


## COUNT XII
## FALSE ARREST-State
## (KEVIN GAUGHAN)

NOW COMES the plaintiff, KEVIN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, states that:

1-8 The plaintiff, KEVIN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-8 of Count XI of this Complaint as Paragraphs 1-8 of Count XII of this Complaint.

9. The defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN's, acts were intended to and did indeed cause plaintiff, KEVIN GAUGHAN, to be arrested under false pretenses.

10. As a result of this unprovoked, needless and malevolent arrest, the plaintiff, KEVIN GAUGHAN, suffered physical and emotional injury.

11. As a result of this unprovoked, needless and malevolent arrest, the plaintiff, KEVIN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

**WHEREFORE,** the plaintiff, KEVIN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, KEVIN GAUGHAN, and against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and that the following relief be awarded:

A.    That the plaintiff, KEVIN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, KEVIN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    Such other relief as this court deems appropriate.

## COUNT XIII
## MALICIOUS PROSECUTION-1983
## (KEVIN GAUGHAN)

NOW COMES the plaintiff, KEVIN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, states that:

1-8 The plaintiff, KEVIN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-8 of Count XI of this Complaint as Paragraphs 1-8 of Count XIII of this Complaint.

9.   The defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, participated in the prosecution the plaintiff, KEVIN GAUGHAN, despite knowing the plaintiff, KEVIN GAUGHAN, was not guilty of the offenses charged.

10. The defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, made false statements before a grand jury regarding the plaintiff, KEVIN GAUGHAN's,

conduct despite knowing the plaintiff, KEVIN GAUGHAN, was not guilty of the offenses charged.

11. The plaintiff, KEVIN GAUGHAN's, prosecution by the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, was in violation of his rights under the Fourteenth Amendment of the United States Constitution to be free from malicious prosecution and his right under the Fourteenth Amendment of the United States to due process of law.

12. As a result of this unprovoked, needless and malevolent prosecution, the plaintiff, KEVIN GAUGHAN, suffered physical and emotional injury.

13. As a result of this unprovoked, needless and malevolent prosecution, the plaintiff, KEVIN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

14. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, KEVIN GAUGHAN, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, KEVIN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, KEVIN GAUGHAN, and against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and that the following relief be awarded:

A.      That the plaintiff, KEVIN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.      That the plaintiff, KEVIN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.      That the plaintiff, KEVIN GAUGHAN, be awarded attorney's fees and costs under section 1988; and

D.      Such other relief as this court deems appropriate.

## COUNT IXV
## MALICIOUS PROSECUTION-State
### (KEVIN GAUGHAN)

NOW COMES the plaintiff, KEVIN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, states that:

1-8 The plaintiff, BRIAN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-8 of this Count XI of this Complaint as Paragraphs 1-8 of Count IXV of this Complaint.

9.  The defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, participated in the prosecution the plaintiff, BRIAN GAUGHAN, despite knowing the plaintiff, KEVIN GAUGHAN, was not guilty of the offenses charged.

10. The defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, made false statements before a grand jury regarding the plaintiff, BRIAN GAUGHAN's, conduct despite knowing the plaintiff, KEVIN GAUGHAN, was not guilty of the offenses charged.

11. As a result of this unprovoked, needless and malevolent arrest, the plaintiff, KEVIN GAUGHAN, suffered physical and emotional injury.

12. As a result of this unprovoked, needless and malevolent prosecution, the plaintiff, KEVIN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

**WHEREFORE,** the plaintiff, KEVIN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, KEVIN GAUGHAN, and against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and that the following relief be awarded:

A.    That the plaintiff, KEVIN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, KEVIN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    Such other relief as this court deems appropriate.

**COUNT XV**
**MARENGO-1983**
**(KEVIN GAUGHAN)**

NOW COMES the plaintiff, KEVIN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-8 The plaintiff, KEVIN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-8 of this Count XI of this Complaint as Paragraphs 1-8 of Count XV of this Complaint.

9.   The defendant, THE CITY OF MARENGO, has violated the plaintiff, KEVIN GAUGHAN's, constitutional rights through implementation of a custom, policy or official acts of the defendant, THE CITY OF MARENGO.

10. The defendant, THE CITY OF MARENGO, has consistently and habitually failed to take the appropriate corrective action against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers who are guilty of false arrest and malicious prosecution.

11. The defendant, THE CITY OF MARENGO, has consistently and habitually failed to conduct adequate investigations into the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers accused of false arrest and malicious prosecution.

12. The defendant, THE CITY OF MARENGO, by and through the defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers guilty of false arrest and malicious prosecution.

13. The defendant, THE CITY OF MARENGO, knowing of the aforementioned conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers, accepted, promulgated and encouraged the conduct of said officers.

14. The defendant, THE CITY OF MARENGO, knowing of the aforementioned conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers, created a custom and policy of such behavior.

15. The defendant, THE CITY OF MARENGO, as a result of the foregoing, has tacitly approved and implicitly ratified the conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, against the plaintiff, KEVIN GAUGHAN, and other Marengo police officers guilty of false arrest and malicious prosecution.

16. The defendant, THE CITY OF MARENGO, violated the plaintiff, KEVIN GAUGHAN's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

17. The defendant, THE CITY OF MARENGO, was at all times acting under the color of State law.

18. As a result of the custom and policy of the defendant, THE CITY OF MARENGO, condoning false arrests and malicious prosecutions, the plaintiff, KEVIN GAUGHAN, suffered painful personal injury, humiliation and emotional distress.

19. As a result of the custom and policy of the defendant, THE CITY OF MARENGO, and the needless and malevolent arrest and prosecution, the plaintiff, KEVIN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

20. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, KEVIN GAUGHAN, seeks an award of attorney's fees and costs incurred in bringing this action.

    **WHEREFORE,** the plaintiff, KEVIN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, KEVIN GAUGHAN, and against the defendant, THE CITY OF MARENGO, and that the following relief be awarded:

C.   That the plaintiff, KEVIN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

D.   That the plaintiff, KEVIN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.   That the plaintiff, KEVIN GAUGHAN, be awarded attorney's fees and costs under section 1988; and

D.   Such other relief as this court deems appropriate.

## COUNT XVI
## MASON-1983
## (KEVIN GAUGHAN)

NOW COMES the plaintiff, KEVIN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, POLICE CHIEF LARRY MASON, states that:

1-8 The plaintiff, BRIAN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-8 of Count XI of this Complaint as Paragraphs 1-8 of Count XVI of this Complaint.

9.   The defendant, POLICE CHIEF LARRY MASON, has violated the plaintiff, KEVIN GAUGHAN's, constitutional rights through implementation of a custom, policy or official acts of the defendant, THE CITY OF MARENGO.

10. The defendant, POLICE CHIEF LARRY MASON, has consistently and habitually failed to take the appropriate corrective action against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers who are guilty false arrest and malicious prosecution.

11. The defendant, POLICE CHIEF LARRY MASON, has consistently and habitually failed to conduct adequate investigations into the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers accused of false arrest and malicious prosecution.

12. The defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers guilty of false arrest and malicious prosecution.

13. The defendant, POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers, accepted, promulgated and encouraged the conduct of said officers.

14. The defendant, POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers, created a custom and policy of such behavior.

15. The defendant, POLICE CHIEF LARRY MASON, as a result of the foregoing, has tacitly approved and implicitly ratified the conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, against the plaintiff, KEVIN GAUGHAN, and other Marengo police officers guilty of false arrest and malicious prosecution.

16. The defendant, POLICE CHIEF LARRY MASON, violated the plaintiff, KEVIN GAUGHAN's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

17. The defendant, POLICE CHIEF LARRY MASON, was at all times acting under the color of State law.

18. As a result of the custom and policy of the defendant, POLICE CHIEF LARRY MASON, condoning arrests with excessive force, false arrests and malicious prosecutions, the plaintiff, KEVIN GAUGHAN, suffered painful personal injury, humiliation and emotional distress.

19. As a result of the custom and policy of the defendant, POLICE CHIEF LARRY MASON, and the needless and malevolent arrest and prosecution, the plaintiff, KEVIN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

20. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, KEVIN GAUGHAN, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, KEVIN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, KEVIN GAUGHAN, and against the defendant, POLICE CHIEF LARRY MASON, and that the following relief be awarded:

A.    That the plaintiff, KEVIN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, KEVIN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    That the plaintiff, KEVIN GAUGHAN, be awarded attorney's fees and costs under section 1988; and

D.    Such other relief as this court deems appropriate.

## COUNT XVII
## RECKLESS HIRING
## (KEVIN GAUGHAN)

NOW COMES the plaintiff, KEVIN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-8 The plaintiff, KEVIN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-8 of this Count XI of this Complaint as Paragraphs 1-8 of Count XVII of this Complaint.

9.    Prior to his employment with defendant, THE CITY OF MARENGO, defendant, OFFICER SCOTT CRAWFORD, had been fired or forced to resign from the Police Department of the City of Waukegan for misconduct;

10. The defendant's misconduct stemmed from allegations of police brutality and the use of excessive force in the line of duty;

11. The defendant is currently on paid administrative leave from his duties as a law enforcement officer of defendant, THE CITY OF MARENGO, pending the outcome of two internal investigations unrelated to the events alleged in this Complaint

12. The defendant, THE CITY OF MARENGO, knew or should have known of defendant's past misconduct when hiring the defendant.

13. The defendant, THE CITY OF MARENGO, with a reckless disregard deliberately chose to hire the defendant, OFFICER SCOTT CRAWFORD, despite his unfitness as a law enforcement officer, and this decision was the proximate cause of the physical and emotional injury to the plaintiff, KEVIN GAUGHAN.

14. As a result of this reckless hiring, the plaintiff, KEVIN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

**WHEREFORE,** the plaintiff, KEVIN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, KEVIN GAUGHAN, and against the defendant, THE CITY OF MARENGO, and that the following relief be awarded:

A.    That the plaintiff, KEVIN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, KEVIN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    Such other relief as this court deems appropriate.

## COUNT XVIII
## RECKLESS RETENTION
### (KEVIN GAUGHAN)

NOW COMES the plaintiff, KEVIN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-8 The plaintiff, KEVIN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-8 of Count XI of this Complaint as Paragraphs 1-8 of Count XVIII of this Complaint.

16. Prior to his employment with defendant, THE CITY OF MARENGO, defendant, OFFICER SCOTT CRAWFORD, had been fired or forced to resign from the Police Department of the City of Waukegan for misconduct;

17. The defendant's misconduct stemmed from allegations of police brutality and the use of excessive force in the line of duty;

18. The defendant is currently on paid administrative leave from his duties as a law enforcement officer of defendant, THE CITY OF MARENGO, pending the outcome of two internal investigations unrelated to the events alleged in this Complaint

19. The defendant, THE CITY OF MARENGO, knew or should have known of defendant's past misconduct.

20. The defendant, THE CITY OF MARENGO, despite knowing of defendant's past misconduct and the current investigations pending against the defendant, nonetheless chose to retain the defendant as a law enforcement officer.

21. The defendant, THE CITY OF MARENGO, with a reckless disregard deliberately chose to retain, the defendant, OFFICER SCOTT CRAWFORD, despite his unfitness as a law enforcement officer, and this decision was the proximate cause of the physical and emotional injury to the plaintiff, KEVIN GAUGHAN.

22. As a result of this reckless retention, the plaintiff, KEVIN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

   **WHEREFORE,** the plaintiff, KEVIN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, KEVIN GAUGHAN, and against the defendant, THE CITY OF MARENGO, and that the following relief be awarded:

   A.    That the plaintiff, KEVIN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

   B.    That the plaintiff, KEVIN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    Such other relief as this court deems appropriate.

**COUNT IXX**
**EXCESSIVE FORCE-1983**
**(NICHOLE SURBER)**

NOW COMES the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN, states that:

1. On or about September 24, 2004, the plaintiff's minor, NICHOLE SURBER, was lawfully on state supported land at 110 Franks Road in the City of Marengo, County of McHenry and State of Illinois.

2. At the time and place aforesaid, the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN, were present and in uniform as law enforcement officers of defendant THE CITY OF MARENGO.

3. At the time and place aforesaid, the defendants detained the plaintiff's minor, NICHOLE SURBER, under suspicion of underage drinking as she was sixteen years old at the time.

4. The defendant, OFFICER KELLY GIVEN, placed the plaintiff's minor, NICHOLE SURBER, under arrest.

5. During the course of the arrest, the defendant, OFFICER SCOTT CRAWFORD, without provocation, need or explanation then deliberately, maliciously and willfully tackled the plaintiff's minor, NICHOLE SURBER, and deliberately, maliciously and willfully sat upon the plaintiff's minor, NICHOLE SURBER's, back.

6. The defendant, OFFICER KELLY GIVEN, then deliberately, maliciously and willfully approached the plaintiff's minor, NICHOLE SURBER, and also sat upon the plaintiff's minor, NICHOLE SURBER's, back.

7.  The defendant, OFFICER KELLY GIVEN, deliberately, maliciously and willfully handcuffed the plaintiff's minor, NICHOLE SURBER, behind the back in such a manner as to cause the plaintiff's minor, NICHOLE SURBER, physical pain and bodily harm.

8.  The defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN, continued to restrain the plaintiff's minor, NICHOLE SURBER, in this manner despite painful exclamations from the plaintiff's minor, NICHOLE SURBER, and advising that she could not breath.

9.  The defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN, continued to restrain the plaintiff's minor, NICHOLE SURBER, in this manner while a police dog viciously bit the plaintiff's minor, NICHOLE SURBER's, arm causing lacerations to her arm.

10. The plaintiff's minor, NICHOLE SURBER, was then lifted by the defendant, OFFICER SCOTT CRAWFORD, in such a matter as to cause pain to the plaintiff's minor, NICHOLE SURBER's, wrists and to expose her breast to numerous persons watching the arrest.

11. The defendant, OFFICER SCOTT CRAWFORD, refused to allow the plaintiff's minor, NICHOLE SURBER's, friend's mother to pull down her shirt so her breasts would not be exposed to the crowd of onlookers.

12. The defendant, OFFICER SCOTT CRAWFORD, escorted the plaintiff's minor, NICHOLE SURBER, with her breast exposed to a crowd of onlookers to a police car.

13. The defendant, OFFICER SCOTT CRAWFORD, then placed the plaintiff's minor, NICHOLE SURBER, face-down in the back of a police car in a manner which would not allow her to breath.

14. The defendant, OFFICER SCOTT CRAWFORD, then deliberately, maliciously and willfully pulled the plaintiff's minor, NICHOLE SURBER, out of the marked police car by plaintiff's minor, NICHOLE SURBER's, ankles, causing the her head and face to make violent contact with the side of the marked police car and then the ground causing physical harm and bodily injury.

15. The plaintiff's minor, NICHOLE SURBER, was later taken by the defendants to the Marengo Police Station, where the defendants placed the plaintiff's minor, NICHOLE SURBER, in confinement and ignored the her demand for medical attention.

16. The defendant, OFFICER SCOTT CRAWFORD, following three hours of confinement, deliberately, maliciously and willfully pulled the plaintiff's minor, NICHOLE SURBER, from the her confinement cell by her arms, in such a way as to cause the plaintiff's minor, NICHOLE SURBER, physical pain and further bodily injury.

17. The plaintiff's minor, NICHOLE SURBER, suffered needless physical pain, bodily harm, as well as humiliation and emotional distress as a result of the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN', deliberate, willful and malicious actions.

18. At no time prior to or during the arrest did the plaintiff's minor, NICHOLE SURBER, ever use any lewd or derogatory language towards the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN, and at no time prior to or during the arrest did the plaintiff's minor, NICHOLE SURBER, make any threatening gestures towards the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN.  The plaintiff's minor, NICHOLE SURBER, never hit or struck the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN, and made no attempt to hit or strike them at any time.

19. At the time and place aforesaid, and at all times relevant herewith, the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN, were acting as the duly authorized agent of the defendant, THE CITY OF MARENGO, and were then and there acting within the scope of said employment with said principal, under the color of state law.

20. In arresting the plaintiff's minor, NICHOLE SURBER, the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN, used physical force which was clearly excessive in light of the circumstances existing at the time of the arrest.  Further, the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN, used excessive force with the willful and specific intent to inflict unnecessary harm upon the plaintiff's minor, NICHOLE SURBER, and such use of force caused and was intended to cause physical and mental injuries to the plaintiff's minor, NICHOLE SURBER.

19. The plaintiff's minor, NICHOLE SURBER, arrest by the defendants, OFFICER SCOTT CRAWFORD and OFFICERS KELLY GIVEN, with the use of excessive force was in violation of her rights under the Fourteenth Amendment of the United States

Constitution to be free from unreasonable arrest and his right under the Fourteenth
Amendment of the United States to due process of law.

20. The plaintiff's minor, NICHOLE SURBER, suffered painful personal injury,
humiliation and emotional distress as a result of being arrested with excessive force.

21. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, MELISSA
KELLEY AS PARENT OF NICHOLE SURBER, a minor, seeks an award of attorney's
fees and costs incurred in bringing this action.

    **WHEREFORE,** the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE
SURBER, a minor, requests this court enter a Judgment in favor of the plaintiff
MELISSA KELLY AS PARENT OF NICHOLE SURBER, a minor, and against the
defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and that
the following relief be awarded:

    A. That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE
        SURBER, a minor, be awarded compensatory damages in the amount of Five-
        Hundred Thousand Dollars ($500,000.00);

    B. That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE
        SURBER, a minor, be awarded punitive damages in the amount of One
        Million Dollars ($1,000,000.00);

    C. That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE
        SURBER, a minor, be awarded attorney's fees and costs under section 1988;
        and

    D. Such other relief as this court deems appropriate.

### COUNT XX
### BATTERY
### (NICHOLE SURBER)

    NOW COMES the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE
SURBER, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW

OFFICES OF KEVIN E. O'REILLY, and complaining of the defendants, OFFICER
SCOTT CRAWFORD and OFFICERS KELLY GIVEN, states that:

1-18 The plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor,
re-alleges and incorporates by reference Paragraphs 1-18 of Count IXX of this Complaint
as Paragraphs 1-18 of Count XX of this Complaint.

19. The defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN',
acts were intended to and did indeed cause bodily harm to the plaintiff's minor,
NICHOLE SURBER's, person.

20. The defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN',
acts were committed outside of the scope of his authority and constituted a battery upon
the plaintiff's minor, NICHOLE SURBER's, person.  Further, the defendants, OFFICER
SCOTT CRAWFORD and OFFICER KELLY GIVEN's, actions were intended to and
did injure the plaintiff's minor, NICHOLE SURBER.

     **WHEREFORE,** the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE
SURBER, a minor, requests this court enter a Judgment in favor of the plaintiff,
MELISSA KELLY AS PARENT OF NICHOLE SURBER, a minor, and against the
defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and that
the following relief be awarded:

    A.    That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE
     SURBER, a minor, be awarded compensatory damages in the amount of
     Five-Hundred Thousand Dollars ($500,000.00);

    B.    That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE
     SURBER, a minor, be awarded punitive damages in the amount of One
     Million Dollars ($1,000,000.00);

    C.    Such other relief as this court deems appropriate.

**COUNT XXI**
**MARENGO-1983**
**(NICHOLE SURBER)**

NOW COMES the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-18 The plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, re-alleges and incorporates by reference Paragraphs 1-18 of Count IXX of this Complaint as Paragraphs 1-18 of Count XXI of this Complaint.

19. The defendant, THE CITY OF MARENGO, has violated the plaintiff's minor, NICHOLE SURBER's, constitutional rights through implementation of a custom, policy or official acts of the defendant, THE CITY OF MARENGO.

20. The defendant, THE CITY OF MARENGO, has consistently and habitually failed to take the appropriate corrective action against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers who are guilty of using excessive force.

21. The defendant, THE CITY OF MARENGO, has consistently and habitually failed to conduct adequate investigations into the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers accused of using excessive force.

22. The defendant, THE CITY OF MARENGO, by and through the defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers guilty of using excessive force.

23. The defendant, THE CITY OF MARENGO, knowing of the aforementioned conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and

other Marengo police officers, accepted, promulgated and encouraged the conduct of said officers.

24. The defendant, THE CITY OF MARENGO, knowing of the aforementioned conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers, created a custom and policy of such behavior.

25. The defendant, THE CITY OF MARENGO, as a result of the foregoing, has tacitly approved and implicitly ratified the conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, against the plaintiff's minor, NICHOLE SURBER, and other Marengo police officers guilty of using excessive force.

26. The defendant, THE CITY OF MARENGO, violated the plaintiff's minor, NICHOLE SURBER's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

27. The defendant, THE CITY OF MARENGO, was at all times acting under the color of State law.

28. As a result of the custom and policy of the defendant, THE CITY OF MARENGO, condoning arrests with excessive force, the plaintiff's minor, NICHOLE SURBER, suffered painful personal injury, humiliation and emotional distress.

29. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, requests this court enter a Judgment in favor of the plaintiff MELISSA KELLY AS PARENT OF NICHOLE SURBER, a minor, and against the defendant, THE CITY OF MARENGO, and that the following relief be awarded:

    A.    That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE
      SURBER, a minor, be awarded punitive damages in the amount of One
      Million Dollars ($1,000,000.00);

C.    That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE
      SURBER, a minor, be awarded attorney's fees and costs under section
      1988; and

D.    Such other relief as this court deems appropriate.

## COUNT XXII
### MASON-1983
### (NICHOLE SURBER)

NOW COMES the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE
SURBER, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW
OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, POLICE CHIEF
LARRY MASON, states that:

1-18 The plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor,
re-alleges and incorporates by reference Paragraphs 1-18 of Count IXX of this Complaint
as Paragraphs 1-18 of Count XXII of this Complaint.

19. The defendant, POLICE CHIEF LARRY MASON, has violated the plaintiff's minor,
NICHOLE SURBER's, constitutional rights through implementation of a custom, policy
or official acts of the defendant, THE CITY OF MARENGO.

20. The defendant, POLICE CHIEF LARRY MASON, has consistently and habitually
failed to take the appropriate corrective action against the defendants, OFFICER SCOTT
CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers who
are guilty of using excessive force.

21. The defendant, POLICE CHIEF LARRY MASON, has consistently and habitually
failed to conduct adequate investigations into the defendants, OFFICER SCOTT
CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers
accused of using excessive force.

22. The defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers guilty of using excessive force.

23. The defendant, POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers, accepted, promulgated and encouraged the conduct of said officers.

24. The defendant, POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and other Marengo police officers, created a custom and policy of such behavior.

25. The defendant, POLICE CHIEF LARRY MASON, as a result of the foregoing, has tacitly approved and implicitly ratified the conduct of the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, against the plaintiff's minor, NICHOLE SURBER, and other Marengo police officers guilty of using excessive force.

26. The defendant, POLICE CHIEF LARRY MASON, violated the plaintiff's minor, NICHOLE SURBER's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

27. The defendant, POLICE CHIEF LARRY MASON, was at all times acting under the color of State law.

28. As a result of the custom and policy of the defendant, POLICE CHIEF LARRY MASON, condoning arrests with excessive force, the plaintiff's minor, NICHOLE SURBER, suffered painful personal injury, humiliation and emotional distress.

29. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, requests this court enter a Judgment in favor of the plaintiff,

MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor,, and against the defendant, POLICE CHIEF LARRY MASON, and that the following relief be awarded:

A.    That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, be awarded attorney's fees and costs under section 1988; and

D.    Such other relief as this court deems appropriate.

## COUNT XXIII
## RECKLESS HIRING
## (NICHOLE SURBER)

NOW COMES the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-18 The plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, re-alleges and incorporates by reference Paragraphs 1-18 of Count IXX of this Complaint as Paragraphs 1-18 of Count XXIII of this Complaint.

19. Prior to his employment with defendant, THE CITY OF MARENGO, defendant, OFFICER SCOTT CRAWFORD, had been fired or forced to resign from the Police Department of the City of Waukegan for misconduct;

20. The defendant's misconduct stemmed from allegations of police brutality and the use of excessive force in the line of duty;

21. The defendant is currently on paid administrative leave from his duties as a law enforcement officer of defendant, THE CITY OF MARENGO, pending the outcome of two internal investigations unrelated to the events alleged in this Complaint

22. The defendant, THE CITY OF MARENGO, knew or should have known of defendant's past misconduct when hiring the defendant.

23. The defendant, THE CITY OF MARENGO, with a reckless disregard deliberately chose to hire the defendant, OFFICER SCOTT CRAWFORD, despite his unfitness as a law enforcement officer, and this decision was the proximate cause of the physical and emotional injury to the plaintiff's minor, NICHOLE SURBER.

**WHEREFORE,** the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, requests this court enter a Judgment in favor of the plaintiff, MELISSA KELLY AS PARENT OF NICHOLE SURBER, a minor, and against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and that the following relief be awarded:

A.     That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.     That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.     Such other relief as this court deems appropriate.

## COUNT XXIV
## RECKLESS RETENTION
## (NICHOLE SURBER)

NOW COMES the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-18 The plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, re-alleges and incorporates by reference Paragraphs 1-18 of Count IXX of this Complaint as Paragraphs 1-18 of Count XXIV of this Complaint.

19. Prior to his employment with defendant, THE CITY OF MARENGO, defendant, OFFICER SCOTT CRAWFORD, had been fired or forced to resign from the Police Department of the City of Waukegan for misconduct;

20. The defendant's misconduct stemmed from allegations of police brutality and the use of excessive force in the line of duty;

21. The defendant is currently on paid administrative leave from his duties as a law enforcement officer of defendant, THE CITY OF MARENGO, pending the outcome of two internal investigations unrelated to the events alleged in this Complaint

22. The defendant, THE CITY OF MARENGO, knew or should have known of defendant's past misconduct.

23. The defendant, THE CITY OF MARENGO, despite knowing of defendant's past misconduct and the current investigations pending against the defendant, nonetheless chose to retain the defendant as a law enforcement officer.

24. The defendant, THE CITY OF MARENGO, with a reckless disregard deliberately chose to retain, the defendant, OFFICER SCOTT CRAWFORD, despite his unfitness as a law enforcement officer, and this decision was the proximate cause of the physical and emotional injury to the plaintiff's minor, NICHOLE SURBER.

**WHEREFORE,** the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, requests this court enter a Judgment in favor of the plaintiff, MELISSA KELLY AS PARENT OF NICHOLE SURBER, a minor, and against the defendants, OFFICER SCOTT CRAWFORD and OFFICER KELLY GIVEN, and that the following relief be awarded:

      A.    That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

    B.      That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

    C.      Such other relief as this court deems appropriate.


**COUNT XV**
**EXCESSIVE FORCE-1983**
**(STEVEN BEISNER)**

NOW COMES the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD, states that:

1.  On or about June 9, 2003, the plaintiff's minor, STEVEN BEISNER, was lawfully on state supported land at or near 300 E. Grant Street in the City of Marengo, County of McHenry and State of Illinois.

2.  At the time and place aforesaid, the defendant, OFFICER SCOTT CRAWFORD, approached the plaintiff's minor, STEVEN BEISNER and ordered him to enter an alleyway and place his hands upon the wall.

3.  The defendant, OFFICER SCOTT CRAWFORD, without probable cause, provocation, need or explanation, attempted to search the plaintiff's minor, STEVEN BEISNER, and the plaintiff's minor, STEVEN BEISNER, refused.

4.  In the course of the attempted search, the defendant, OFFICER SCOTT CRAWFORD, intentionally, needlessly and maliciously slammed the plaintiff's minor, STEVEN BEISNER's, head against the wall.

5.  The plaintiff's minor, STEVEN BEISNER, fearing for his own safety, then pushed the defendant, OFFICER SCOTT CRAWFORD, in self-defense.

6.  The defendant, OFFICER SCOTT CRAWFORD, then intentionally, needlessly and maliciously grabbed hold of the plaintiff's minor, STEVEN BEISNER, viciously pulled his wrists behind his back causing bodily harm to the plaintiff's minor, STEVEN BEISNER.

7.  The defendant, OFFICER SCOTT CRAWFORD, placed handcuffs the plaintiff's minor, STEVEN BEISNER.

8.  The defendant, OFFICER SCOTT CRAWFORD, then repeatedly sprayed the plaintiff's minor, STEVEN BEISNER, with pepper spray in the face.

9.  During the course of this conduct, the plaintiff's minor, STEVEN BEISNER, repeatedly stated that he did not intend to resist the defendant, OFFICER SCOTT CRAWFORD.

10. After the defendant, OFFICER SCOTT CRAWFORD, repeatedly sprayed the plaintiff's minor, STEVEN BEISNER, with pepper spray, the defendant, OFFICER SCOTT CRAWFORD, intentionally, needlessly, maliciously and repeatedly punched the plaintiff's minor, STEVEN BEISNER, in the stomach causing bodily harm.

11. The defendants then stripped the plaintiff's minor, STEVEN BEISNER, of all of his clothing except for his boxer shorts and gym shorts, placed the plaintiff's minor, STEVEN BEISNER, under arrest, placed him in a police vehicle and drove him to the defendant, THE CITY OF MARENGO, police station.

12. At the police station, the plaintiff's minor, STEVEN BEISNER, was left in the police vehicle with the windows closed, the heat on and still suffering from the effects of the pepper spray for approximately one half hour.

13. Still blinded by the pepper spray, the plaintiff's minor, STEVEN BEISNER, entered a panicked state and attempted to exit the vehicle in order to obtain relief from the oppressive conditions.

14. The plaintiff's minor, STEVEN BEISNER, managed to kick out a rear door window of the police vehicle and was sticking his head out through the opening in order to breathe fresh air when the defendant, OFFICER SCOTT CRAWFORD, returned from the police station.

15. The defendant, OFFICER SCOTT CRAWFORD, intentionally, willfully and maliciously tried to pull the plaintiff's minor, STEVEN BEISNER, through the broken window of the police vehicle and once again sprayed the plaintiff's minor, STEVEN BEISNER, with pepper spray.

16. The defendant, OFFICER SCOTT CRAWFORD, then intentionally, willfully and maliciously threw the plaintiff's minor, STEVEN BEISNER, onto the ground, into a pile

of broken glass causing bodily harm, and threatened to shoot the plaintiff's minor, STEVEN BEISNER.

17. The plaintiff's minor, STEVEN BEISNER, remained on the ground for several minutes after which the defendant, OFFICER SCOTT CRAWFORD's, police chief then ordered the defendant to cease these intentional, willful and malicious acts.

18. Subsequently, a mobile medical unit was contacted to treat the plaintiff's minor, STEVEN BEISNER, for injuries suffered from the repeated use of pepper spray and lacerations suffered from the defendant, OFFICER SCOTT CRAWFORD's intentional, willful and malicious acts.

19. At no time prior to or during this altercation did the plaintiff's minor, STEVEN BEISNER, ever use any lewd or derogatory language towards the defendant, and at no time prior to or during the arrest and subsequent detention did the plaintiff's minor, STEVEN BEISNER, make any threatening gestures towards the defendants. The plaintiff's minor, STEVEN BEISNER, never hit or struck the defendants, with the exception of pushing the defendant, OFFICER SCOTT CRAWFORD, out of fear for his personal safety, nor did he ever resist or make any effort to resist the arrest.

20. At the time and place aforesaid, and at all times relevant herewith, the defendant, OFFICER SCOTT CRAWFORD, was acting as the duly authorized agents of the defendant, THE CITY OF MARENGO, and was then and there acting within the scope of said employment with said principal, under the color of state law.

21. In arresting the plaintiff's minor, STEVEN BEISNER, the defendant, OFFICER SCOTT CRAWFORD, used physical force that was clearly excessive in light of the circumstances existing at the time of the arrest. Further, the defendant, OFFICER SCOTT CRAWFORD, used excessive force with the willful and specific intent to inflict unnecessary harm upon plaintiff's minor, STEVEN BEISNER, and such use of force caused and was intended to cause physical and mental injuries to plaintiff's minor, STEVEN BEISNER.

22. The plaintiff's minor, STEVEN BEISNER's, arrest by the defendant, OFFICER SCOTT CRAWFORD with the use of excessive force was in was in violation of his rights under the Fourteenth Amendment of the United States Constitution to be free from

unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

23. The plaintiff's minor, STEVEN BEISNER suffered painful personal injury, humiliation and emotional distress as a result of being arrested with excessive force.

24. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, requests this court enter a Judgment in favor of the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, and against the defendant, OFFICERS SCOTT CRAWFORD, and that the following relief be awarded:

A.     That the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.     That the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.     That the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, be awarded attorney's fees and costs under section 1988; and

D.     Such other relief as this court deems appropriate.

## COUNT XXVI
### BATTERY
### (STEVEN BEISNER)

NOW COMES the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD, states that:

1-21 The plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, re-alleges and incorporates by reference Paragraphs 1-21 of Count XXV of this Complaint as Paragraphs 1-21 of Count XXVI of this Complaint.

22. The defendant, OFFICER SCOTT CRAWFORD's, acts were intended to and did indeed cause bodily harm to the plaintiff's minor, STEVEN BEISNER's, person.

20. The defendant, OFFICER SCOTT CRAWFORD's, acts were committed outside of the scope of their authority and constituted a battery upon the plaintiff's minor, STEVEN BEISNER's, person.  Further, the defendant, OFFICER SCOTT CRAWFORD's actions were intended to injure the plaintiff's minor, STEVEN BEISNER.

**WHEREFORE,** the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, requests this court enter a Judgment in favor of the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, and against the defendant, OFFICERS SCOTT CRAWFORD, and that the following relief be awarded:

A.      That the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.      That the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.      Such other relief as this court deems appropriate.

**COUNT XXVII**
**MARENGO-1983**
**(STEVEN BEISNER)**

NOW COMES the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-21 The plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, re-alleges and incorporates by reference Paragraphs 1-21 of Count XXV of this Complaint as Paragraphs 1-21 of Count XXVII of this Complaint.

21. The defendant, THE CITY OF MARENGO, has violated the plaintiff's minor, STEVEN BEISNER's, constitutional rights through implementation of a custom, policy or official acts of the defendant, THE CITY OF MARENGO.

22. The defendant, THE CITY OF MARENGO, has consistently and habitually failed to take the appropriate corrective action against the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers who are guilty of using excessive force.

23. The defendant, THE CITY OF MARENGO, has consistently and habitually failed to conduct adequate investigations into the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers accused of using excessive force.

24. The defendant, THE CITY OF MARENGO, by and through the defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against the defendant, OFFICER SCOTT CRAWFORD and other Marengo police officers guilty of using excessive force.

25. The defendant, THE CITY OF MARENGO, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers, accepted, promulgated and encouraged the conduct of said officers.

26. The defendant, THE CITY OF MARENGO, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers, created a custom and policy of such behavior.

27. The defendant, THE CITY OF MARENGO, as a result of the foregoing, has tacitly approved and implicitly ratified the conduct of the defendant, OFFICER SCOTT CRAWFORD, against the plaintiff's minor, STEVEN BEISNER, and other Marengo police officers guilty of using excessive force.

28. The defendant, THE CITY OF MARENGO, violated the plaintiff's minor, STEVEN BEISNER's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

29. The defendant, THE CITY OF MARENGO, was at all times acting under the color of State law.

30. As a result of the custom and policy of the defendant, THE CITY OF MARENGO, condoning arrests with excessive force, false arrests and malicious prosecutions, the plaintiff's minor, STEVEN BEISNER, suffered painful personal injury, humiliation and emotional distress.

31. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, requests this court enter a Judgment in favor of the plaintiff PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, and against the defendant, THE CITY OF MARENGO, and that the following relief be awarded:

A.    That the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    That the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, be awarded attorney's fees and costs under section 1988; and

D.    Such other relief as this court deems appropriate.

## COUNT XXIII
**MASON-1983**
**(STEVEN BEISNER)**

NOW COMES the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, POLICE CHIEF LARRY MASON, states that:

1-21 The plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, re-alleges and incorporates by reference Paragraphs 1-21 of Count XXV of this Complaint as Paragraphs 1-21 of Count XXVIII of this Complaint.

22. The defendant, POLICE CHIEF LARRY MASON, has violated the plaintiff's minor, STEVEN BEISNER's, constitutional rights through implementation of a custom, policy or official acts of the defendant, THE CITY OF MARENGO.

20. The defendant, POLICE CHIEF LARRY MASON, has consistently and habitually failed to take the appropriate corrective action against the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers who are guilty of using excessive force.

21. The defendant, POLICE CHIEF LARRY MASON, has consistently and habitually failed to conduct adequate investigations into the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers accused of using excessive force.

22. The defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers guilty of using excessive force.

23. The defendant, POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers, accepted, promulgated and encouraged the conduct of said officers.

24. The defendant, POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers, created a custom and policy of such behavior.

25. The defendant, POLICE CHIEF LARRY MASON, as a result of the foregoing, has tacitly approved and implicitly ratified the conduct of the defendant, OFFICER SCOTT

CRAWFORD, against the plaintiff's minor, STEVEN BEISNER, and other Marengo police officers guilty of using excessive force.

26. The defendant, POLICE CHIEF LARRY MASON, violated the plaintiff's minor, STEVEN BEISNER's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

27. The defendant, POLICE CHIEF LARRY MASON, was at all times acting under the color of State law.

28. As a result of the custom and policy of the defendant, POLICE CHIEF LARRY MASON, condoning arrests with excessive force of the plaintiff's minor, STEVEN BEISNER, suffered painful personal injury, humiliation and emotional distress.

29. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, requests this court enter a Judgment in favor of the plaintiff PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, and against the defendant, POLICE CHIEF LARRY MASON, and that the following relief be awarded:

A.      That the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.      That the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.      That the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, be awarded attorney's fees and costs under section 1988; and

D.      Such other relief as this court deems appropriate.

**COUNT XXIX**
**RECKLESS HIRING**
**(STEVEN BEISNER)**

NOW COMES the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-21 The plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, re-alleges and incorporates by reference Paragraphs 1-21 of Count XXV of this Complaint as Paragraphs 1-21 of Count XXIX of this Complaint.

21. Prior to his employment with defendant, THE CITY OF MARENGO, defendant, OFFICER SCOTT CRAWFORD, had been fired or forced to resign from the Police Department of the City of Waukegan for misconduct;

22. The defendant's misconduct stemmed from allegations of police brutality and the use of excessive force in the line of duty;

23. The defendant is currently on paid administrative leave from his duties as a law enforcement officer of defendant, THE CITY OF MARENGO, pending the outcome of two internal investigations unrelated to the events alleged in this Complaint

24. The defendant, THE CITY OF MARENGO, knew or should have known of defendant's past misconduct when hiring the defendant.

25. The defendant, THE CITY OF MARENGO, with a reckless disregard deliberately chose to hire the defendant, OFFICER SCOTT CRAWFORD, despite his unfitness as a law enforcement officer, and this decision was the proximate cause of the physical and emotional injury to the plaintiff's minor, STEVEN BEISNER.

**WHEREFORE,** the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, requests this court enter a Judgment in favor of the plaintiff PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, and against the defendant, POLICE CHIEF LARRY MASON, and that the following relief be awarded:

A.    That the plaintiff, PAUL BEISNER AS PARENT OF STEVEN
        BEISNER, a minor, be awarded compensatory damages in the amount of
        Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, PAUL BEISNER AS PARENT OF STEVEN
        BEISNER, a minor, be awarded punitive damages in the amount of One
        Million Dollars ($1,000,000.00);

C.    Such other relief as this court deems appropriate.


## COUNT XXX
## RECKLESS RETENTION
## (STEVEN BEISNER)

NOW COMES the plaintiff, PAUL BEISNER AS PARENT OF STEVEN
BEISNER, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW
OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF
MARENGO, states that:

1-21 The plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, re-
alleges and incorporates by reference Paragraphs 1-21 of Count XXV of this Complaint
as Paragraphs 1-21 of Count XXX of this Complaint.

22. Prior to his employment with defendant, THE CITY OF MARENGO, defendant,
OFFICER SCOTT CRAWFORD, had been fired or forced to resign from the Police
Department of the City of Waukegan for misconduct;

23. The defendant's misconduct stemmed from allegations of police brutality and the use
of excessive force in the line of duty;

24. The defendant is currently on paid administrative leave from his duties as a law
enforcement officer of defendant, THE CITY OF MARENGO, pending the outcome of
two internal investigations unrelated to the events alleged in this Complaint

25. The defendant, THE CITY OF MARENGO, knew or should have known of
defendant's past misconduct.

26. The defendant, THE CITY OF MARENGO, despite knowing of defendant's past misconduct and the current investigations pending against the defendant, nonetheless chose to retain the defendant as a law enforcement officer.

27. The defendant, THE CITY OF MARENGO, with a reckless disregard deliberately chose to retain, the defendant, OFFICER SCOTT CRAWFORD, despite his unfitness as a law enforcement officer, and this decision was the proximate cause of the physical and emotional injury to the plaintiff's minor, STEVEN BEISNER.

**WHEREFORE,** the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, requests this court enter a Judgment in favor of the plaintiff PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, and against the defendant, POLICE CHIEF LARRY MASON, and that the following relief be awarded:

A.    That the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, PAUL BEISNER AS PARENT OF STEVEN BEISNER, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    Such other relief as this court deems appropriate.

**COUNT XXXI**
**EXCESSIVE FORCE-1983**
**(CASSANDRA CRAFT)**

NOW COMES the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD, states that:

1.  On or about June 6, 2004, the plaintiff's minor, CASSANDRA CRAFT, was lawfully on the property at 440 Johnson Street in the City of Marengo, County of McHenry and State of Illinois.

2.  At the time and place aforesaid, the defendant, OFFICER SCOTT CRAWFORD, was present and in uniform as a law enforcement officer of defendant THE CITY OF MARENGO.

3.  At the time and place aforesaid, the defendant, OFFICER SCOTT CRAWFORD, was called to the location because the plaintiff's minor, CASSANDRA CRAFT, had a verbal argument with her aunt, Monica Henson, and threatened to leave her home.

4.  During the verbal argument, the defendant, OFFICER SCOTT CRAWFORD, without provocation, need or explanation then deliberately, maliciously and willfully grabbed the plaintiff's minor, CASSANDRA CRAFT, and deliberately, maliciously and willfully twisted her arm behind her back causing her great pain.

5.  The defendant, OFFICER SCOTT CRAWFORD, continued to twist the arm of the plaintiff's minor, CASSANDRA CRAFT, in this manner despite painful exclamations from her.

6.  The defendant, OFFICER SCOTT CRAWFORD, then intentionally, maliciously and willfully threw the plaintiff's minor, CASSANDRA CRAFT, against hood of a car while twisting her arm behind her back.

7.  The defendant, OFFICER SCOTT CRAWFORD, then intentionally, maliciously and willfully picked up the plaintiff's minor, CASSANDRA CRAFT, and in a brutal and forceful manner threw her head, face down, against the hood of a car while twisting her arm behind her back causing a large dent to the hood of the car and painful injuries to her face.

8.  The defendant, OFFICER SCOTT CRAWFORD, deliberately, maliciously and willfully ignored the plaintiff's minor, CASSANDRA CRAFT's, exclamations of pain made in protest to the manner in which the defendant, OFFICER SCOTT CRAWFORD was throwing her against he cars.

9.  The defendant, OFFICER SCOTT CRAWFORD, then placed handcuffs on plaintiff's minor, CASSANDRA CRAFT, and placed her under arrest.

10. The plaintiff's minor, CASSANDRA CRAFT, suffered needless physical pain, bodily harm, as well as humiliation and emotional distress as a result of the defendant, OFFICER SCOTT CRAWFORD, deliberate, willful and malicious actions.

11. At no time prior to or during the arrest did the plaintiff's minor, CASSANDRA CRAFT, ever use any lewd or derogatory language towards the defendant, OFFICER SCOTT CRAWFORD, and at no time prior to or during the arrest did the plaintiff's minor, CASSANDRA CRAFT, make any threatening gestures towards the defendant, OFFICER SCOTT CRAWFORD.  The plaintiff's minor, CASSANDRA CRAFT, never hit or struck the defendant, OFFICER SCOTT CRAWFORD, and made no attempt to hit or strike them at any time.

12. At the time and place aforesaid, and at all times relevant herewith, the defendant, OFFICER SCOTT CRAWFORD, were acting as the duly authorized agent of the defendant, THE CITY OF MARENGO, and were then and there acting within the scope of said employment with said principal, under the color of state law.

13. In arresting the plaintiff's minor, CASSANDRA CRAFT, the defendant, OFFICER SCOTT CRAWFORD, used physical force which was clearly excessive in light of the circumstances existing at the time of the arrest.  Further, the defendant, OFFICER SCOTT CRAWFORD, used excessive force with the willful and specific intent to inflict unnecessary harm upon the plaintiff's minor, CASSANDRA CRAFT, and such use of force caused and was intended to cause physical and mental injuries to the plaintiff's minor, CASSANDRA CRAFT.

13. At the Marengo Police Department, the defendant swore out complaints against the plaintiff's minor, CASSANDRA CRAFT, for Aggravated Battery to a Police Officer and Resisting Arrest.

14. The plaintiff's minor, CASSANDRA CRAFT, arrest by the defendant, OFFICER SCOTT CRAWFORD, with the use of excessive force was in violation of her rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

15. The plaintiff's minor, CASSANDRA CRAFT, suffered painful personal injury, humiliation and emotional distress as a result of being arrested with excessive force.

22. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, requests this court enter a Judgment in favor of the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, and against the defendant, OFFICER SCOTT CRAWFORD, and that the following relief be awarded:

A.    That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded attorney's fees and costs under section 1988; and

D.    Such other relief as this court deems appropriate.

<u>COUNT XXXII</u>
**BATTERY**
**(CASSANDRA CRAFT)**

NOW COMES the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD, states that:

1-13 The plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, re-alleges and incorporates by reference Paragraphs 1-13 of Count XXXI of this Complaint as Paragraphs 1-13 of Count XXXII of this Complaint.

14. The defendant, OFFICER SCOTT CRAWFORD's, acts were intended to and did indeed cause bodily harm to the plaintiff's minor, CASSANDRA CRAFT's, person.

15. The defendant, OFFICER SCOTT CRAWFORD's, acts were committed outside of the scope of his authority and constituted a battery upon the plaintiff's minor, CASSANDRA CRAFT's, person.  Further, the defendant, OFFICER SCOTT CRAWFORD's, actions were intended to and did injure the plaintiff's minor, CASSANDRA CRAFT.

        **WHEREFORE,** the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, requests this court enter a Judgment in favor of the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, and against the defendant, OFFICER SCOTT CRAWFORD, and that the following relief be awarded:

  A. That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

  B. That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

  C. Such other relief as this court deems appropriate.

### COUNT XXXIII
### FALSE ARREST-1983
### (CASSANDRA CRAFT)

        NOW COMES the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD, states that:

1-13 The plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, re-alleges and incorporates by reference Paragraphs 1-13 of Count XXXI of this Complaint as Paragraphs 1-13 of Count XXXIII of this Complaint.

14. The defendant, OFFICER SCOTT CRAWFORD, arrested the plaintiff's minor, CASSANDRA CRAFT, with Aggravated Battery to a Police Officer and Resisting Arrest.

15. The defendant, OFFICER SCOTT CRAWFORD, knew he had no probable cause for arresting the plaintiff's minor, CASSANDRA CRAFT, and did not have a good faith belief that the plaintiff's minor, CASSANDRA CRAFT, was guilty of the offenses charged against her.

16. The plaintiff's minor, CASSANDRA CRAFT's, arrest by the defendant, OFFICER SCOTT CRAWFORD, was in violation of his rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

17. As a result of this unprovoked, needless and malevolent arrest, the plaintiff's minor, CASSANDRA CRAFT, suffered physical and emotional injury.

18. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, requests this court enter a Judgment in favor of the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, and against the defendant, OFFICER SCOTT CRAWFORD, and that the following relief be awarded:

    A.    That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.      That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.      That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded attorney's fees and costs under section 1988; and

D.      Such other relief as this court deems appropriate.

**COUNT XXXIV**
**FALSE ARREST-State**
**(CASSANDRA CRAFT)**

NOW COMES the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD, states that:

1-13 The plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, re-alleges and incorporates by reference Paragraphs 1-13 of Count I of this Complaint as Paragraphs 1-13 of Count XXXIV of this Complaint.

14. The defendant, OFFICER SCOTT CRAWFORD, arrested the plaintiff's minor, CASSANDRA CRAFT, with Aggravated Battery to a Police Officer and Resisting Arrest.

15. The defendant, OFFICER SCOTT CRAWFORD, knew he had no probable cause for arresting the plaintiff's minor, CASSANDRA CRAFT, and did not have a good faith belief that the plaintiff's minor, CASSANDRA CRAFT, was guilty of the offenses charged against her.

16. The defendant, OFFICER SCOTT CRAWFORD's, acts were intended to and did indeed cause the plaintiff's minor, CASSANDRA CRAFT, to be arrested under false pretenses.

17. As a result of this unprovoked, needless and malevolent arrest, the plaintiff's minor, CASSANDRA CRAFT, suffered physical and emotional injury.

**WHEREFORE,** the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, requests this court enter a Judgment in favor of the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, and against the defendant, OFFICER SCOTT CRAWFORD, and that the following relief be awarded:

A.    That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    Such other relief as this court deems appropriate.

## COUNT XXXV
### MARENGO-1983
### (CASSANDRA CRAFT)

NOW COMES the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-13 The plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, re-alleges and incorporates by reference Paragraphs 1-13 of Count I of this Complaint as Paragraphs 1-13 of Count XXXV of this Complaint.

14. The defendant, THE CITY OF MARENGO, has violated the plaintiff's minor, CASSANDRA CRAFT's, constitutional rights through implementation of a custom, policy or official acts of the defendant, THE CITY OF MARENGO.

15. The defendant, THE CITY OF MARENGO, has consistently and habitually failed to take the appropriate corrective action against the defendant, OFFICER SCOTT

CRAWFORD, and other Marengo police officers who are guilty of using excessive force and false arrest.

16. The defendant, THE CITY OF MARENGO, has consistently and habitually failed to conduct adequate investigations into the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers accused of using excessive force and false arrest.

17. The defendant, THE CITY OF MARENGO, by and through the defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers guilty of using excessive force and false arrest.

18. The defendant, THE CITY OF MARENGO, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers, accepted, promulgated and encouraged the conduct of said officers.

19. The defendant, THE CITY OF MARENGO, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers, created a custom and policy of such behavior.

20. The defendant, THE CITY OF MARENGO, as a result of the foregoing, has tacitly approved and implicitly ratified the conduct of the defendant, OFFICER SCOTT CRAWFORD, against the plaintiff's minor, CASSANDRA CRAFT, and other Marengo police officers guilty of using excessive force and false arrest.

21. The defendant, THE CITY OF MARENGO, violated the plaintiff's minor, CASSANDRA CRAFT's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

22. The defendant, THE CITY OF MARENGO, was at all times acting under the color of State law.

23. As a result of the custom and policy of the defendant, THE CITY OF MARENGO, condoning arrests with excessive force and false arrest, the plaintiff's minor, CASSANDRA CRAFT, suffered painful personal injury, humiliation and emotional distress.

24. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT a minor, requests this court enter a Judgment in favor of the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, and against the defendant, THE CITY OF MARENGO, and that the following relief be awarded:

A.      That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.      That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.      That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded attorney's fees and costs under section 1988; and

D.      Such other relief as this court deems appropriate.

## COUNT XXXVI
### MASON-1983
### (CASSANDRA CRAFT)

NOW COMES the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, POLICE CHIEF LARRY MASON, states that:

1-13 The plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, re-alleges and incorporates by reference Paragraphs 1-13 of Count I of this Complaint as Paragraphs 1-13 of Count XXXVI of this Complaint.

14. The defendant, POLICE CHIEF LARRY MASON, has violated the plaintiff's minor, CASSANDRA CRAFT's, constitutional rights through implementation of a custom, policy or official acts of the defendant, THE CITY OF MARENGO.

15. The defendant, POLICE CHIEF LARRY MASON, has consistently and habitually failed to take the appropriate corrective action against the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers who are guilty of using excessive force and false arrest.

16. The defendant, POLICE CHIEF LARRY MASON, has consistently and habitually failed to conduct adequate investigations into the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers accused of using excessive force and false arrest.

17. The defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers guilty of using excessive force and false arrest.

18. The defendant, POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers, accepted, promulgated and encouraged the conduct of said officers.

19. The defendant, POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers, created a custom and policy of such behavior.

20. The defendant, POLICE CHIEF LARRY MASON, as a result of the foregoing, has tacitly approved and implicitly ratified the conduct of the defendant, OFFICER SCOTT CRAWFORD, against the plaintiff's minor, CASSANDRA CRAFT, and other Marengo police officers guilty of using excessive force.

21. The defendant, POLICE CHIEF LARRY MASON, violated the plaintiff's minor, CASSANDRA CRAFT's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

22. The defendant, POLICE CHIEF LARRY MASON, was at all times acting under the color of State law.

23. As a result of the custom and policy of the defendant, POLICE CHIEF LARRY MASON, condoning arrests with excessive force and false arrest, the plaintiff's minor, CASSANDRA CRAFT, suffered painful personal injury, humiliation and emotional distress.

24. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, requests this court enter a Judgment in favor of the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, and against the defendant, POLICE CHIEF LARRY MASON, and that the following relief be awarded:

A.    That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded attorney's fees and costs under section 1988; and

D.    Such other relief as this court deems appropriate.

## COUNT XXXVII
## RECKLESS HIRING
## (CASSANDRA CRAFT)

NOW COMES the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-13 The plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, re-alleges and incorporates by reference Paragraphs 1-13 of Count I of this Complaint as Paragraphs 1-13 of Count XXXVII of this Complaint.

14. Prior to his employment with defendant, THE CITY OF MARENGO, defendant, OFFICER SCOTT CRAWFORD, had been fired or forced to resign from the Police Department of the City of Waukegan for misconduct;

15. The defendant's misconduct stemmed from allegations of police brutality and the use of excessive force in the line of duty;

16. The defendant is currently on paid administrative leave from his duties as a law enforcement officer of defendant, THE CITY OF MARENGO, pending the outcome of two internal investigations unrelated to the events alleged in this Complaint

17. The defendant, THE CITY OF MARENGO, knew or should have known of defendant's past misconduct when hiring the defendant.

18. The defendant, THE CITY OF MARENGO, with a reckless disregard deliberately chose to hire the defendant, OFFICER SCOTT CRAWFORD, despite his unfitness as a law enforcement officer, and this decision was the proximate cause of the physical and emotional injury to the plaintiff's minor, CASSANDRA CRAFT.

**WHEREFORE,** the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, requests this court enter a Judgment in favor of the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, and against the defendant, OFFICER SCOTT CRAWFORD, and that the following relief be awarded:

    A.    That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

    B.    That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

    C.    Such other relief as this court deems appropriate.

## COUNT XXXVIII
## RECKLESS RETENTION
## (CASSANDRA CRAFT)

NOW COMES the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-13 The plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, re-alleges and incorporates by reference Paragraphs 1-13 of Count I of this Complaint as Paragraphs 1-13 of Count XXXVIII of this Complaint.

14. Prior to his employment with defendant, THE CITY OF MARENGO, defendant, OFFICER SCOTT CRAWFORD, had been fired or forced to resign from the Police Department of the City of Waukegan for misconduct;

15. The defendant's misconduct stemmed from allegations of police brutality and the use of excessive force in the line of duty;

16. The defendant is currently on paid administrative leave from his duties as a law enforcement officer of defendant, THE CITY OF MARENGO, pending the outcome of two internal investigations unrelated to the events alleged in this Complaint

17. The defendant, THE CITY OF MARENGO, knew or should have known of defendant's past misconduct.

18. The defendant, THE CITY OF MARENGO, despite knowing of defendant's past misconduct and the current investigations pending against the defendant, nonetheless chose to retain the defendant as a law enforcement officer.

19. The defendant, THE CITY OF MARENGO, with a reckless disregard deliberately chose to retain, the defendant, OFFICER SCOTT CRAWFORD, despite his unfitness as a law enforcement officer, and this decision was the proximate cause of the physical and emotional injury to the plaintiff's minor, CASSANDRA CRAFT.

**WHEREFORE,** the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, requests this court enter a Judgment in favor of the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, and against the defendant, OFFICER SCOTT CRAWFORD, and that the following relief be awarded:

     A.    That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

     B.    That the plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

     C.    Such other relief as this court deems appropriate.


### COUNT XXXIX
### EXCESSIVE FORCE-1983
### (ZACHARY MCMACKIN)

NOW COMES the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD, states that:

1.   On or about November 22, 2003, the plaintiff's minor, ZACHARY MCMACKIN, was lawfully on state supported land at Locust Elementary School in the City of Marengo, County of McHenry and State of Illinois.

2.   At the time and place aforesaid, the defendant, OFFICER SCOTT CRAWFORD approached the plaintiff's minor, ZACHARY MCMACKIN, in his marked police car and told the plaintiff's minor, ZACHARY MCMACKIN, "McMackin you are mine" and ran toward plaintiff's minor, ZACHARY MCMACKIN.

3.   At the time and place aforesaid, the plaintiff's minor, ZACHARY MCMACKIN, in fear of physical harm and harassment ran from the defendant, OFFICER SCOTT

CRAWFORD, as he had previously been unnecessarily harassed and intimidated by the defendant, OFFICER SCOTT CRAWFORD.

4.  The defendant, OFFICER SCOTT CRAWFORD, chased the plaintiff's minor, ZACHARY MCMACKIN, and without provocation, need or explanation, tackled the plaintiff's minor, ZACHARY MCMACKIN, and handcuffed him behind his back.

5.  The defendant, OFFICER SCOTT CRAWFORD, after he intentionally, needlessly and forcefully restrained the plaintiff's minor, ZACHARY MCMACKIN's, hands behind his back; intentionally, needlessly and maliciously struck the plaintiff's minor, ZACHARY MCMACKIN, in the face; and sprayed two full cans of pepper spray in the his face.

6.  The defendant, OFFICER SCOTT CRAWFORD, then placed the plaintiff's minor, ZACHARY MCMACKIN, under arrest without provocation, need or explanation.

7.  The defendant, OFFICER SCOTT CRAWFORD,'s conduct resulted in physical and emotional injury to the plaintiff's minor, ZACHARY MCMACKIN, requiring treatment by a mobile medical unit.

8.  The plaintiff's minor, ZACHARY MCMACKIN, suffered needless physical pain, as well as humiliation and emotional distress as a result of defendant, OFFICER SCOTT CRAWFORD's, deliberate, willful and malicious actions.

9.  At no time prior to or during the arrest did the plaintiff's minor, ZACHARY MCMACKIN, ever use any lewd or derogatory language towards the defendant, OFFICER SCOTT CRAWFORD, and at no time prior to or during the arrest did the plaintiff's minor, ZACHARY MCMACKIN, make any physical threats or threatening gestures towards the defendant, OFFICER SCOTT CRAWFORD.  The plaintiff's minor, ZACHARY MCMACKIN, never hit or struck the defendant, OFFICER SCOTT CRAWFORD, and made no attempt to hit or strike him at any time, nor did he ever resist or make any effort to resist the arrest.

10. At the time and place aforesaid, and at all times relevant herewith, the defendant, OFFICER SCOTT CRAWFORD, was acting as the duly authorized agent of the defendant, THE CITY OF MARENGO, and was then and there acting within the scope of said employment with said principal, under the color of state law.

11. In arresting the plaintiff's minor, ZACHARY MCMACKIN, the defendant used physical force which was clearly excessive in light of the circumstances existing at the time of the arrest. Further, the defendant used excessive force with the willful and specific intent to inflict unnecessary harm upon the plaintiff's minor, ZACHARY MCMACKIN, and such use of force caused and was intended to cause physical and mental injuries to the plaintiff's minor, ZACHARY MCMACKIN.

12. The plaintiff's minor, ZACHARY MCMACKIN's, arrest by the defendant with the use of excessive force was in violation of his rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

13. The plaintiff's minor, ZACHARY MCMACKIN, suffered painful personal injury, humiliation and emotional distress as a result of being arrested with excessive force.

14. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, seeks an award of attorney's fees and costs incurred in bringing this action.


**WHEREFORE,** the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, requests this court enter a Judgment in favor of the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor and against the defendant, OFFICER SCOTT CRAWFORD, and that the following relief be awarded:

A.    That the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    That the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, be awarded attorney's fees and costs under section 1988; and

D.    Such other relief as this court deems appropriate.

**COUNT XXXX (XL)**
**BATTERY**
**(ZACHARY MCMACKIN)**

NOW COMES the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD, states that:

1-11 The plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, re-alleges and incorporates by reference Paragraphs 1-11 of Count XXXIX of this Complaint as Paragraphs 1-11 of Count XXXX of this Complaint.

12. The defendant, OFFICER SCOTT CRAWFORD's, acts were intended to and did indeed cause bodily harm to the plaintiff's minor, ZACHARY MCMACKIN's, person.

13. The defendant, OFFICER SCOTT CRAWFORD's, acts were committed outside of the scope of his authority and constituted a battery upon the plaintiff's minor, ZACHARY MCMACKIN's, person.  Further, the defendant, OFFICER SCOTT CRAWFORD's actions were intended to injure the plaintiff's minor, ZACHARY MCMACKIN.

**WHEREFORE,** the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, requests this court enter a Judgment in favor of the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, and against the defendant, OFFICER SCOTT CRAWFORD, and that the following relief be awarded:

A.    That the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    Such other relief as this court deems appropriate.

**COUNT XXXXI (XLI)**
**MARENGO-1983**
**(ZACHARY MCMACKIN)**

NOW COMES the plaintiff, TAMARA MCMACKIN AS PARENT OF
ZACHARY MCMACKIN, a minor, by and through his attorneys, KEVIN E. O'REILLY
and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant,
THE CITY OF MARENGO, states that:


1-11 The plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY
MCMACKIN, a minor, re-alleges and incorporates by reference Paragraphs 1-11 of
Count XXXIX of this Complaint as Paragraphs 1-11 of Count XXXXI of this Complaint.

12. The defendant, THE CITY OF MARENGO, has violated the plaintiff's minor,
ZACHARY MCMACKIN's, constitutional rights through implementation of a custom,
policy or official acts of the defendant, THE CITY OF MARENGO.

13. The defendant, THE CITY OF MARENGO, has consistently and habitually failed to
take the appropriate corrective action against the defendant, OFFICER SCOTT
CRAWFORD, and other Marengo police officers who are guilty of using excessive force.

14. The defendant, THE CITY OF MARENGO, has consistently and habitually failed to
conduct adequate investigations into the defendant, OFFICER SCOTT CRAWFORD,
and other Marengo police officers accused of using excessive force.

15. The defendant, THE CITY OF MARENGO, by and through the defendant, POLICE
CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective
measures against the defendant, OFFICER SCOTT CRAWFORD, and other Marengo
police officers guilty of using excessive force.

16. The defendant, THE CITY OF MARENGO, knowing of the aforementioned conduct
of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers,
accepted, promulgated and encouraged the conduct of said officers.

17. The defendant, THE CITY OF MARENGO, knowing of the aforementioned conduct
of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers,
created a custom and policy of such behavior.

18. The defendant, THE CITY OF MARENGO, as a result of the foregoing, has tacitly approved and implicitly ratified the conduct of the defendant, OFFICER SCOTT CRAWFORD, against the plaintiff's minor, ZACHARY MCMACKIN, and other Marengo police officers guilty of using excessive force.

19. The defendant, THE CITY OF MARENGO, violated the plaintiff's minor, ZACHARY MCMACKIN's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

20. The defendant, THE CITY OF MARENGO, was at all times acting under the color of State law.

21. As a result of the custom and policy of the defendant, THE CITY OF MARENGO, condoning arrests with excessive force, the plaintiff's minor, ZACHARY MCMACKIN, suffered painful personal injury, humiliation and emotional distress.

22. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, requests this court enter a Judgment in favor of the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, and against the defendant, THE CITY OF MARENGO, and that the following relief be awarded:

    A.    That the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

    B.    That the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

    C.    That the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, be awarded attorney's fees and costs under section 1988; and

    D.    Such other relief as this court deems appropriate.

## COUNT XXXXII (XLII)
### MASON-1983
### (ZACHARY MCMACKIN)

NOW COMES the plaintiff, TAMARA MCMACKIN AS PARENT OF
ZACHARY MCMACKIN, a minor, by and through his attorneys, KEVIN E. O'REILLY
and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant,
POLICE CHIEF LARRY MASON, states that:

1-11 The plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY
MCMACKIN, a minor, re-alleges and incorporates by reference Paragraphs 1-11 of
Count XXXIX of this Complaint as Paragraphs 1-11 of Count XXXXII of this
Complaint.

12. The defendant, POLICE CHIEF LARRY MASON, has violated the plaintiff's minor,
ZACHARY MCMACKIN's, constitutional rights through implementation of a custom,
policy or official acts of the defendant, THE CITY OF MARENGO.

13. The defendant, POLICE CHIEF LARRY MASON, has consistently and habitually
failed to take the appropriate corrective action against the defendant, OFFICER SCOTT
CRAWFORD, and other Marengo police officers who are guilty of using excessive force.

14. The defendant, POLICE CHIEF LARRY MASON, has consistently and habitually
failed to conduct adequate investigations into the defendant, OFFICER SCOTT
CRAWFORD, and other Marengo police officers accused of using excessive force.

15. The defendant, POLICE CHIEF LARRY MASON, deliberately refused to take
disciplinary action or corrective measures against the defendant, OFFICER SCOTT
CRAWFORD, and other Marengo police officers guilty of using excessive force.

16. The defendant, POLICE CHIEF LARRY MASON, knowing of the aforementioned
conduct of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police
officers, accepted, promulgated and encouraged the conduct of said officers.

17. The defendant, POLICE CHIEF LARRY MASON, knowing of the aforementioned
conduct of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police
officers, created a custom and policy of such behavior.

18. The defendant, POLICE CHIEF LARRY MASON, as a result of the foregoing, has tacitly approved and implicitly ratified the conduct of the defendant, OFFICER SCOTT CRAWFORD, against the plaintiff's minor, ZACHARY MCMACKIN, and other Marengo police officers guilty of using excessive force.

19. The defendant, POLICE CHIEF LARRY MASON, violated the plaintiff's minor, ZACHARY MCMACKIN'S, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

20. The defendant, POLICE CHIEF LARRY MASON, was at all times acting under the color of State law.

21. As a result of the custom and policy of the defendant, POLICE CHIEF LARRY MASON, condoning arrests with excessive force, the plaintiff's minor, ZACHARY MCMACKIN, suffered painful personal injury, humiliation and emotional distress.

22. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, requests this court enter a Judgment in favor of the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, and against the defendant, POLICE CHIEF LARRY MASON, and that the following relief be awarded:

A.      That the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.      That the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.      That the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, be awarded attorney's fees and costs under section 1988; and

D.      Such other relief as this court deems appropriate.

### COUNT XXXXIII – (XLIII)
### RECKLESS HIRING
### (ZACHARY MCMACKIN)

NOW COMES the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-11 The plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, re-alleges and incorporates by reference Paragraphs 1-11 of Count XXXIX of this Complaint as Paragraphs 1-11 of Count XXXXIII of this Complaint.

12  Prior to his employment with defendant, THE CITY OF MARENGO, defendant, OFFICER SCOTT CRAWFORD, had been fired or forced to resign from the Police Department of the City of Waukegan for misconduct;

13  The defendant's misconduct stemmed from allegations of police brutality and the use of excessive force in the line of duty;

14  The defendant is currently on paid administrative leave from his duties as a law enforcement officer of defendant, THE CITY OF MARENGO, pending the outcome of two internal investigations unrelated to the events alleged in this Complaint

15  The defendant, THE CITY OF MARENGO, knew or should have known of defendant's past misconduct when hiring the defendant.

16  The defendant, THE CITY OF MARENGO, with a reckless disregard deliberately chose to hire the defendant, OFFICER SCOTT CRAWFORD, despite his unfitness as a law enforcement officer, and this decision was the proximate cause of the physical and emotional injury to the plaintiff's minor, ZACHARY MCMACKIN.

**WHEREFORE,** the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, requests this court enter a Judgment in favor of the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, and against the defendant, OFFICER SCOTT CRAWFORD, and that the following relief be awarded:

A.    That the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY
MCMACKIN, a minor, be awarded compensatory damages in the amount
of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY
MCMACKIN, a minor, be awarded punitive damages in the amount of
One Million Dollars ($1,000,000.00);

C.    Such other relief as this court deems appropriate.

## COUNT XXXXIV - (XLIV)
### RECKLESS RETENTION
### (ZACHARY MCMACKIN)

NOW COMES the plaintiff, TAMARA MCMACKIN AS PARENT OF
ZACHARY MCMACKIN, a minor, by and through his attorneys, KEVIN E. O'REILLY
and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant,
THE CITY OF MARENGO, states that:

1-11 The plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY
MCMACKIN, a minor, re-alleges and incorporates by reference Paragraphs 1-11 of
Count XXXIX of this Complaint as Paragraphs 1-11 of Count XXXXIV of this
Complaint.

12  Prior to his employment with defendant, THE CITY OF MARENGO, defendant,
OFFICER SCOTT CRAWFORD, had been fired or forced to resign from the Police
Department of the City of Waukegan for misconduct;

13  The defendant's misconduct stemmed from allegations of police brutality and the use
of excessive force in the line of duty;

14  The defendant is currently on paid administrative leave from his duties as a law
enforcement officer of defendant, THE CITY OF MARENGO, pending the outcome of
two internal investigations unrelated to the events alleged in this Complaint

15  The defendant, THE CITY OF MARENGO, knew or should have known of
defendant's past misconduct.

16  The defendant, THE CITY OF MARENGO, despite knowing of defendant's past misconduct and the current investigations pending against the defendant, nonetheless chose to retain the defendant as a law enforcement officer.

17  The defendant, THE CITY OF MARENGO, with a reckless disregard deliberately chose to retain, the defendant, OFFICER SCOTT CRAWFORD, despite his unfitness as a law enforcement officer, and this decision was the proximate cause of the physical and emotional injury to the plaintiff's minor, ZACHARY MCMACKIN.

**WHEREFORE,** the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, requests this court enter a Judgment in favor of the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, and against the defendant, OFFICER SCOTT CRAWFORD, and that the following relief be awarded:

A.    That the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.    That the plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C.    Such other relief as this court deems appropriate.

## COUNT XLV
## UNLAWFUL DISCLOSURE
### (NICHOLE SURBER)

NOW COMES the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, by and through her attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER KELLY GIVEN, states that:

1-18. The plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, re-alleges and incorporates by reference Paragraphs 1-18 of Count IXX of this Complaint as Paragraphs 1-18 of Count XLV of this Complaint.

19. At some time subsequent to filing of the Complaint at Law based on the aforementioned events, defendant, OFFICER KELLY GIVEN, disclosed the police reports and records regarding the arrest of the plaintiff, NICHOLE SURBER, to the general public including members of the press.

20. In disclosing the police reports and records regarding the arrest of the plaintiff's minor, NICHOLE SURBER, the defendant, OFFICER KELLY GIVEN, violated 705 ILCS 405/1-7 requiring the confidentiality of a juvenile's arrest records and reports.

23. Said disclosures by the defendant, OFFICER KELLY GIVEN, was in violation of the plaintiff's minor, NICHOLE SURBER's, rights under the United States Constitution and the Illinois State Constitution.

24. The plaintiff's minor, NICHOLE SURBER, suffered painful personal injury, humiliation and emotional distress as a result of the aforementioned disclosures.

25. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, seeks an award of attorney's fees and costs incurred in bringing this action.

   **WHEREFORE,** the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, requests this court enter a Judgment in favor of the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, and against the defendant, OFFICER KELLY GIVEN, and that the following relief be awarded:

   A.    That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

   B.    That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

   C.    That the plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, be awarded attorney's fees and costs under section 1988; and

   D.    Such other relief as this court deems appropriate.

## COUNT XLVI
## CONSPRIRACY
## (PLAINTIFF'S JOINTLY)

NOW COMES the plaintiffs, BRIAN GAUGHAN, KEVIN GAUGHAN, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, PAUL BEISNER AS PARENT OF STEVEN BEISNER, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT and TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, by and through their attorneys KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendants, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, OFFICER SCOTT CRAWFORD, and OFFICER KELLY GIVEN, state that:

1-15. The plaintiff, BRIAN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-15 of Count I of this Complaint as Paragraphs 1-15 of Count XLVI of this Complaint.

16-23. The plaintiff, KEVIN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-8 of Count XI of this Complaint as Paragraphs 16-23 of Count XLVI of this Complaint.

24-41. The plaintiff, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, a minor, re-alleges and incorporates by reference Paragraphs 1-18 of Count IXX of this Complaint as Paragraphs 24-41 of Count XLVI of this Complaint.

42-62. The plaintiff, PAUL BEISNER, AS PARENT OF STEVEN BEISNER, a minor, re-alleges and incorporates by reference Paragraphs 1-21 of Count XXV of this Complaint as Paragraphs 42-62 of Count XLVI of this Complaint.

63-75. The plaintiff, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT, a minor, re-alleges and incorporates by reference Paragraphs 1-13 of Count XXXI of this Complaint as Paragraphs 63-75 of Count XLVI of this Complaint.

76-86. The plaintiff, TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, a minor, re-alleges and incorporates by reference Paragraphs 1-11 of Count XXXIX of this Complaint as Paragraphs 76-86 of Count XLVI of this Complaint.

87. The defendant's, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN, and other Marengo Police Officers, have conspired to violate the plaintiffs, BRIAN GAUGHAN, KEVIN GAUGHAN, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, PAUL BEISNER AS PARENT OF STEVEN BEISNER, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT and TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, constitutional rights through an agreed implementation of a custom, policy, or official acts of the defendants, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN and other Marengo Police Officers.

88. The defendants, THE CITY OF MARENGO and POLICE CHIEF LARRY MASON, have consistently and habitually failed to take the appropriate corrective action against the defendant's OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN, and other Marengo Police Officers who are guilty of using excessive force, false arrest, and malicious prosecution.

89. The defendant's, THE CITY OF MARENGO & POLICE CHIEF LARRY MASON have consistently and habitually failed to conduct adequate investigations into the defendants, OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN, and other Marengo Police Officers accused of using excessive force, false arrest, and malicious prosecution.

90. The defendant, THE CITY OF MARENGO, by and through the defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against the defendants, OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN, and other Marengo Police Officers guilty of using excessive force, false arrest and malicious prosecution.

91. The defendants, THE CITY OF MARENGO and POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendant's, OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN, and other Marengo Police Officers, accepted, promulgated and encouraged the conduct of said officers

92. The defendant's, THE CITY OF MARENGO & POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendants, OFFICER SCOTT

CRAWFORD, OFFICER KELLY GIVEN, and other Marengo Police Officers, created a custom and policy of such behavior.

93. The defendants, THE CITY OF MARENGO & POLICE CHIEF LARRY MASON, as a result of the foregoing, have tacitly approved and implicitly ratified the conduct of the defendants, OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN, and other Marengo Police Officers, guilty of using excessive force, false arrest, and malicious prosecution against the plaintiffs, BRIAN GAUGHAN, KEVIN GAUGHAN, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, PAUL BEISNER AS PARENT OF STEVEN BEISNER, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT and TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN.

94. The defendants, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, OFFICER SCOTT CRAWFORD, OFFICER KELLY GIVEN, and other Marengo Police Officers, have conspired to violate the plaintiffs, BRIAN GAUGHAN, KEVIN GAUGHAN, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, PAUL BEISNER AS PARENT OF STEVEN BEISNER, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT and TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and their rights under the Fourteenth Amendment of the United States to due process of law.

95. The defendants, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, OFFICER SCOTT CRAWFORD, & OFFICER KELLY GIVEN, were at all times acting under the color of State law.

96. As a result of the agreed upon custom and policy of the defendants, THE CITY OF MARENGO & POLICE CHIEF LARRY MASON, condoning arrests with excessive force, false arrests and malicious prosecutions, the plaintiffs, BRIAN GAUGHAN, KEVIN GAUGHAN, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, PAUL BEISNER AS PARENT OF STEVEN BEISNER, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT and TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, were deprived of their constitutional rights, suffered painful personal injuries, humiliation and emotional distress.

97. As a result of the agreed upon custom and policy of the defendants, THE CITY OF MARENGO & POLICE CHIEF LARRY MASON, and the needless and malevolent arrest and prosecution, the plaintiffs, BRIAN GAUGHAN, KEVIN GAUGHAN, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, PAUL BEISNER AS PARENT OF STEVEN BEISNER, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT and TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, were required to hire the services of a lawyer and a private investigator to defend themselves against the charges incurring substantial legal expenses.

98. Further, pursuant to 42 U.S.C., 1983 and 1988, the plaintiffs, BRIAN GAUGHAN, KEVIN GAUGHAN, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, PAUL BEISNER AS PARENT OF STEVEN BEISNER, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT and TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, seek an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiffs, BRIAN GAUGHAN, KEVIN GAUGHAN, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, PAUL BEISNER AS PARENT OF STEVEN BEISNER, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT and TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, request this court enter a Judgment in favor of the plaintiffs, BRIAN GAUGHAN, KEVIN GAUGHAN, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, PAUL BEISNER AS PARENT OF STEVEN BEISNER, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT and TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, and against the defendants, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, OFFICER SCOTT CRAWFORD, and OFFICER KELLY GIVEN, and that the following relief be awarded:

A.    That the plaintiffs, BRIAN GAUGHAN, KEVIN GAUGHAN, MELISSA KELLEY AS PARENT OF NICHOLE SURBER, PAUL BEISNER AS PARENT OF STEVEN BEISNER, PENNY OSBORN AS PARENT OF CASSANDRA CRAFT and TAMARA MCMACKIN AS PARENT OF ZACHARY MCMACKIN, be awarded compensatory damages in the

amount of Five-Hundred Thousand Dollars ($500,000.00) for each
plaintiff;

B.      That the plaintiffs, BRIAN GAUGHAN, KEVIN GAUGHAN, MELISSA
        KELLEY AS PARENT OF NICHOLE SURBER, PAUL BEISNER AS
        PARENT OF STEVEN BEISNER, PENNY OSBORN AS PARENT OF
        CASSANDRA CRAFT and TAMARA MCMACKIN AS PARENT OF
        ZACHARY MCMACKIN, be awarded punitive damages in the amount of
        One Million Dollars ($1,000,000.00) for each plaintiff;

C.      That the plaintiffs, BRIAN GAUGHAN, KEVIN GAUGHAN, MELISSA
        KELLEY AS PARENT OF NICHOLE SURBER, PAUL BEISNER AS
        PARENT OF STEVEN BEISNER, PENNY OSBORN AS PARENT OF
        CASSANDRA CRAFT and TAMARA MCMACKIN AS PARENT OF
        ZACHARY MCMACKIN, be awarded attorney's fees and costs under
        section 1988; and

D.      Such other relief as this court deems appropriate.


## COUNT XLVII
### FALSE ARREST – Kroncke, Schroeder, Riley
### (KEVIN GAUGHAN)

NOW COMES the plaintiff, KEVIN GAUGHAN, by and through his attorneys,
KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and
complaining of the defendants, WILLIAM KRONCKE, VIRGIL SCHROEDER, and
SARGEANT RODNEY RILEY states that:

1-8. The plaintiff, KEVIN GAUGHAN, re-alleges and incorporates by reference
Paragraphs 1-8 of Count XI of this Complaint as Paragraphs 1-8 of Count XLVII of this
Complaint.

9. On October 19, 2004, the defendants, WILLIAM KRONCKE, and VIRGIL
SCHROEDER, special agents of the Illinois State Police, interviewed the plaintiff,
KEVIN GAUGHAN, regarding allegations of assault and battery he witnessed being
committed against his brother, BRIAN GAUGAHAN, by defendant, OFFICER SCOTT
CRAWFORD, of the Marengo Police Department.

10. On November 9, 2004, WILLIAM KRONCKE, VIRGIL SCHROEDER and McHenry County Sheriff William Umbenhower, went to the Gaughan residence to tell KEVIN GAUGHAN that he needed to make one further statement about OFFICER SCOTT CRAWFORD so that their investigation could be closed and so that OFFICER SCOTT CRAWFORD could then be charged with a crime.

11. When the father of KEVIN GAUGHAN and BRIAN P. GAUGHAN, Brian M. Gaughan, told, WILLIAM KRONCKE, VIRGIL SCHROEDER and William Umbenhower that he did not want his son going to the Marengo police station, since the last time his son was there, his head was pushed into a wall, WILLIAM KRONCKE, VIRGIL SCHROEDER and William Umbenhower all assured Brian M. Gaughan that his son would be returned in one-half hour and they would personally drive KEVIN GAUGHAN back home, reassuring Brian M. Gaughan that KEVIN GAUGHAN's presence at the station was just to finalize loose ends.

12. Such statements made by WILLIAM KRONCKE, VIRGIL SCHROEDER and William Umbenhower as set forth in Paragraphs 10 and 11 were lies and made with the knowledge of their falsity and with a complete disregard for the truth.

13. The lies were designed to lull KEVIN GAUGHAN away from his father so he could be taken to a private, locked room in the police station where he was the target of a further criminal charge, and where the defendants, WILLIAM KRONCKE and VIRGIL SCHROEDER, could physically and psychologically intimidate him into recanting his earlier statements about OFFICER SCOTT CRAWFORD.

14. WILLIAM KRONCKE and VIRGIL SCHROEDER knew if Brian M. Gaughan was told the truth about the real purpose of KEVIN GAUGHAN's presence at the police station, KEVIN GAUGHAN would never have been able to go with them.

15. Once KEVIN GAUGHAN was lulled away from his father, taken to the bottom of the driveway of his own house and placed into a squad car, WILLIAM KRONCKE, VIRGIL SCHROEDER and William Umbenhower gave KEVIN GAUGHAN his Miranda rights and began an interrogation of KEVIN GAUGHAN on burglary charges he wished to file against KEVIN GAUGHAN.

16. WILLIAM KRONCKE, VIRGIL SCHROEDER and William Umbenhower knew that KEVIN GAUGHAN was not involved with the burglaries, evidenced by the fact that

prior to the interrogation of KEVIN GAUGHAN, William Umbenhower and Marengo Police SARGEANT RODNEY RILEY stated to the burglary suspect Thomas Berkowski that they would drop the charges against him if he were to indicate KEVIN GAUGHAN's involvement in the burglaries.

17. Once at the Marengo police station, William Unbenhower and SARGEANT RODNEY RILEY took Kevin into a secured area, pressed him up against a wall, frisked him, and put him in a locked cell.

18. Soon thereafter, William Umbenhower and SARGEANT RODNEY RILEY placed KEVIN GAUGHAN in a small room with the defendants, WILLIAM KRONCKE and VIRGIL SCHROEDER, where KEVIN GAUGHAN was isolated from his father and solely dependent upon the defendants, WILLIAM KRONCKE and VIRGIL SCHROEDER, for everything.

19. Inside the locked room, the defendants, WILLIAM KRONCKE and VIRGIL SCHROEDER in an attempt to force KEVIN GAUGHAN to recant his earlier statements that he witnessed OFFICER SCOTT CRAWFORD physically abuse his brother:

    a. Threatened to charge KEVIN GAUGHAN with ten (10) counts of burglary, for which he had   no involvement,
    b. Threatened KEVIN GAUGHAN that they would arrest his father,
    c. Threatened KEVIN GAUGHAN that they would arrest a friend of his father,
    d. Threatened KEVIN GAUGHAN that his father would lose his pension,
    e. Intimidated KEVIN GAUGHAN by abusing and knocking unconscious another individual in handcuffs in the presence of KEVIN GAUGHAN,
    f. Physically struck KEVIN GAUGHAN in the head on two separate occasions while threatening further abuse unless he would recant his earlier statements,
    g. Physically and psychologically intimidated KEVIN GAUGHAN,
    h. Verbally abused KEVIN GAUGHAN.

20. The interview, promised to last one half hour by WILLIAM KRONCKE, VIRGIL SCHROEDER and William Umbenhower, lasted over three (3) hours.

21. At no point during the so-called three (3) hour interview was KEVIN GAUGHAN free to leave.

22. The plaintiff, KEVIN GAUGHAN's, lengthy detainment and interrogation in a locked room constitutes an arrest by the defendants, WILLIAM KRONCKE, VIRGIL SCHROEDER, and SARGEANT RODNEY RILEY, as well as William Umbenhower, and was in violation of his rights under the Fourteenth Amendment of the United States

Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

23. As a result of this unprovoked, needless and malevolent arrest, the plaintiff, KEVIN GAUGHAN, suffered physical and emotional injury.

24. As a result of this unprovoked, needless and malevolent arrest, the plaintiff, KEVIN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

25. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, KEVIN GAUGHAN, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE**, the plaintiff, KEVIN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, KEVIN GAUGHAN, and against the defendants, WILLIAM KRONCKE, VIRGIL SCHROEDER, and SARGEANT RODNEY RILEY, and that the following relief be awarded:

    A.    That the plaintiff, KEVIN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

    B.    That the plaintiff, KEVIN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars (1,000,000.00);

    C.    That the plaintiff, KEVIN GAUGHAN, be awarded attorney's fees and costs under section 1988; and

    D.    Such other relief as this court deems appropriate.


<u>COUNT XLVIII</u>
**MALICIOUS PROSECUTION – 1983 - Kroncke and Schroeder**
**(KEVIN GAUGHAN)**

NOW COMES the plaintiff, KEVIN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendants, WILLIAM KRONCKE and VIRGIL SCHROEDER, states that:

1-21. The plaintiff, KEVIN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-21 of Count XLVII of this Complaint as Paragraphs 1-21 of Count XLVIII of this Complaint.

22. The defendants, WILLIAM KRONCKE and VIRGIL SCHROEDER, participated in the prosecution of the plaintiff, KEVIN GAUGHAN, despite knowing the plaintiff, KEVIN GAUGHAN, was not guilty of the offenses charged.

23. On February 24, 2005 the plaintiff, KEVIN GAUGHAN, was indicted on charges of felony disorderly conduct.

24. The plaintiff, KEVIN GAUGHAN's, prosecution by the defendants, WILLIAM KRONCKE and VIRGIL SCHROEDER, was in violation of his rights under the Fourteenth Amendment of the United States Constitution to be free from malicious prosecution and his right under the Fourteenth Amendment of the United States to due process of law.

25. As a result of this unprovoked, needless and malevolent prosecution, the plaintiff, KEVIN GAUGHAN, suffered physical and emotional injury.

26. As a result of this unprovoked, needless and malevolent prosecution, the plaintiff, KEVIN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

27. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, KEVIN GAUGHAN, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE**, the plaintiff, KEVIN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, KEVIN GAUGHAN, and against the defendants, WILLIAM KRONCKE and VIRGIL SCHROEDER, and that the following relief be awarded:

A.     That the plaintiff, KEVIN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.     That the plaintiff, KEVIN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars (1,000,000.00);

C.     That the plaintiff, KEVIN GAUGHAN, be awarded attorney's fees and costs under section 1988; and

D.     Such other relief as this court deems appropriate.

## COUNT XLIX
## EXCESSIVE FORCE – 1983 – Kroncke
## (KEVIN GAUGHAN)

NOW COMES the plaintiff, KEVIN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, WILLIAM KRONCKE, states that:

1-21. The plaintiff, KEVIN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-21 of Count XLVII of this Complaint as Paragraphs 1-21 of Count XLIX of this Complaint.

22. In interrogating the plaintiff, KEVIN GAUGHAN, the defendant, WILLIAM KRONCKE, used physical force which was clearly excessive in light of the circumstances existing at the time of the interrogation.  Further, the defendants used excessive force with the willful and specific intent to inflict unnecessary harm upon the plaintiff, KEVIN GAUGHAN, and such use of force caused and was intended to cause physical and mental injuries to the plaintiff, KEVIN GAUGHAN.

23. At the time and place aforesaid, and at all times relevant herewith, the defendant, WILLIAM KRONCKE, was acting as the duly authorized agent of the Illinois State Police and was then and there acting within the scope of said employment with said principal, under the color of state law.

24. The use of excessive force against the plaintiff, KEVIN GAUGHAN, by the defendant, WILLIAM KRONCKE, was in violation of his rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United State to due process of law.

25. The plaintiff, KEVIN GAUGHAN, suffered painful personal injury, humiliation and emotional distress as a result of being arrested and prosecuted with excessive force.

26. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, KEVIN GAUGHAN, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE**, the plaintiff, KEVIN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, KEVIN GAUGHAN, and against the defendant, WILLIAM KRONCKE, and that the following relief be awarded:

A.     That the plaintiff, KEVIN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.     That the plaintiff, KEVIN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars (1,000,000.00);

C.     That the plaintiff, KEVIN GAUGHAN, be awarded attorney's fees and costs under section 1988; and

D.     Such other relief as this court deems appropriate.

<u>COUNT L</u>
**MALICIOUS PROSECUTION – Kroncke and Schroeder**
**(BRIAN GAUGHAN)**

NOW COMES the plaintiff, BRIAN GAUGHAN, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendants, WILLIAM KRONCKE and VIRGIL SCHROEDER, states that:

1-15. The plaintiff, BRIAN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-15 of Count I of this Complaint as Paragraphs 1-15 of Count L of this Complaint.

16-36. The plaintiff, BRIAN GAUGHAN, re-alleges and incorporates by reference Paragraphs 1-21 of Count XLVII of this Complaint as Paragraphs 16-36 of Count L of this Complaint.

37. On October 19, 2005, the plaintiff, BRIAN GAUGHAN, filed a complaint against the defendant, Marengo Police OFFICER SCOTT CRAWFORD, with the Marengo Police Department based on said officer's conduct on the night of October 8, 2004.

38. The defendants, WILLIAM KRONCKE and VIRGIL SCHROEDER, knowing the charges of felony disorderly conduct against the plaintiff, BRIAN GAUGHAN, to be false, nonetheless participated in the prosecution.

39. On February 24, 2005 the plaintiff, BRIAN GAUGHAN, was indicted on charges of felony disorderly conduct.

40. As a result of this unprovoked, needless and malevolent prosecution, the plaintiff, BRIAN GAUGHAN, suffered physical and emotional injury.

41. As a result of this unprovoked, needless and malevolent prosecution, the plaintiff, BRIAN GAUGHAN, was required to hire the services of a lawyer and a private investigator to defend him against the charges incurring substantial legal expenses.

42. Further, pursuant to 42 U.S.C., sections 1983 and 1988 the plaintiff, BRIAN GAUGHAN, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE**, the plaintiff, BRIAN GAUGHAN, requests this court enter a Judgment in favor of the plaintiff, BRIAN GAUGHAN, and against the defendants, WILLIAM KRONCKE and VIRGIL SCHROEDER, and that the following relief be awarded:

A.      That the plaintiff, BRIAN GAUGHAN, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B.      That the plaintiff, BRIAN GAUGHAN, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00); and

C.      That the plaintiff, BRIAN GAUGHAN, be awarded attorney's fees and costs under section 1988; and

D.      Such other relief as this court deems appropriate.

<u>COUNT LI</u>
**CONSPIRACY – Kroncke, Schroeder, Riley, City of Marengo**
**(BRIAN & KEVIN GAUGHAN)**

NOW COMES the plaintiffs, BRIAN GAUGHAN and KEVIN GAUGHAN by and through their attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendants, WILLIAM KRONCKE, VIRGIL SCHROEDER, RODNEY RILEY, and the CITY OF MARENGO states that:

1-15. The plaintiffs, BRIAN GAUGHAN and KEVIN GAUGHAN, re-allege and incorporate by reference Paragraphs 1-15 of Count I of this Complaint as Paragraphs 1-15 of Count LI of this Complaint.

16-23. The plaintiffs, BRIAN GAUGHAN and KEVIN GAUGHAN, re-allege and incorporate by reference Paragraphs 1-8 of Count XI of this Complaint as Paragraphs 16-23 of Count LI of this Complaint.

24-44. The plaintiffs, BRIAN GAUGHAN and KEVIN GAUGHAN, re-allege and incorporate by reference Paragraphs 1-21 of Count XLVII of this Complaint as Paragraphs 24-44 of Count LI of this Complaint.

45-48. The plaintiffs, BRIAN GAUGHAN and KEVIN GAUGHAN, re-allege and incorporate by reference Paragraphs 37-40 of Count L of this Complaint as Paragraphs 45-48 of Count LI of this Complaint.

49. Marengo Police Chief, Larry Kottke, although knowing the plaintiff, KEVIN GAUGHAN, to be innocent of all burglary allegations, allowed the Illinois State Police to use the Marengo Police Station to conduct their interrogation of the plaintiff, KEVIN GAUGHAN, in furtherance of a conspiracy to charge him with such crimes.

50. The defendant, the CITY OF MARENGO, knowing of the aforementioned conduct of the defendant's, WILLIAM KRONCKE, VIRGIL SCHROEDER, SARGEANT RODNEY RILEY, and other Illinois State Police Officers, accepted, promulgated and encouraged the conduct of said officers.

51. The defendant, THE CITY OF MARENGO, as a result of the foregoing, have tacitly approved and implicitly ratified the conduct of the defendants, WILLIAM KRONCKE, VIRGIL SCHROEDER, RODNEY RILEY, and other Illinois State Police Officers,

guilty of using excessive force, false arrest, and malicious prosecution against the plaintiffs, BRIAN GAUGHAN and KEVIN GAUGHAN.

52. The defendants, WILLIAM KRONCKE, VIRGIL SCHROEDER, SARGEANT RODNEY RILEY, the CITY OF MARENGO, and other Illinois State Police Officers, have conspired to violate the plaintiffs, BRIAN GAUGHAN and KEVIN GAUGHAN's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and their rights under the Fourteenth Amendment of the United States to due process of law.

53. The defendants, WILLIAM KRONCKE, VIRGIL SCHROEDER, SARGEANT RODNEY RILEY, and the CITY OF MARENGO, were at all times acting under the color of State law.

54. As a result of the agreed upon policy of the defendants, WILLIAM KRONCKE, VIRGIL SCHROEDER, SARGEANT RODNEY RILEY, the CITY OF MARENGO, and other Illinois State Police Officers, condoning arrests with excessive force, false arrests and malicious prosecutions, the plaintiffs, BRIAN GAUGHAN and KEVIN GAUGHAN, were deprived of their constitutional rights, suffered painful personal injuries, humiliation and emotional distress.

55. As a result of the agreed upon policy of the defendants, WILLIAM KRONCKE, VIRGIL SCHROEDER, SARGEANT RODNEY RILEY, and the CITY OF MARENGO, and the needless and malevolent arrest and prosecution, the plaintiffs, BRIAN GAUGHAN and KEVIN GAUGHAN, were required to hire the services of a lawyer and a private investigator to defend themselves against the charges incurring substantial legal expenses.

56. Further, pursuant to 42 U.S.C., 1983 and 1988, the plaintiffs, BRIAN GAUGHAN and KEVIN GAUGHAN, seek an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiffs, BRIAN GAUGHAN and KEVIN GAUGHAN, request this court enter a Judgment in favor of the plaintiffs, BRIAN GAUGHAN, and KEVIN GAUGHAN, and against the defendants, WILLIAM KRONCKE, VIRGIL SCHROEDER, SARGEANT RODNEY RILEY, and the CITY OF MARENGO, and that the following relief be awarded:

A.        That the plaintiffs, BRIAN GAUGHAN and KEVIN GAUGHAN,
each be awarded compensatory damages in the amount of Five-
Hundred Thousand Dollars ($500,000.00);

B.        That the plaintiffs, BRIAN GAUGHAN and KEVIN GAUGHAN
each be awarded punitive damages in the amount of One Million
Dollars ($1,000,000.00);

C.        That the plaintiffs, BRIAN GAUGHAN and KEVIN GAUGHAN,
each be awarded attorney's fees and costs under section 1988; and

D.        Such other relief as this court deems appropriate.

/S/ Kevin E. O'Reilly
Kevin E. O'Reilly
Attorney for the Plaintiffs

**ATTY #:        6209128**
**The Law Offices of Kevin E. O'Reilly**
**Three First National Plaza**
**70 West Madison Street**
**Suite 2100**
**Chicago, Illinois 60602**
**T        (312) 726-4510**
**F        (312) 726-4512**