Beisner Complaint
Atty 6279971

## UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| STEVEN BEISNER, ) | |
| ) | |
| Plaintiffs ) | Case No. 08 c 50151 |
| ) | |
| v. ) | |
| ) | |
| OFFICER SCOTT CRAWFORD, ) | F I L E D |
| POLICE CHIEF LARRY MASON ) | |
| OFFICER KELLY GIVEN, ) | AUG 2 8 2008 |
| THE CITY OF MARENGO ) | |
| ) | MICHAEL W. DOBBINS |
| Defendants ) | CLERK, U.S. DISTRICT COURT |

## COMPLAINT

## JURISDICTION

1. This is an action brought for damages and other appropriate relief under 42 U.S.C., section 1983, for violation of the plaintiff's Federal Civil Rights by the defendants, whose actions were taken under the color of State law. This action is also based on battery and negligent hiring and retention, reckless hiring and retention.

2. Jurisdiction is conferred upon this court by 28 U.S.C., section 1331, 28 U.S.C., section 1343(a)(3), and under Principles of Pendent Jurisdiction.

3. On or about August 15, 2005, a Complaint on behalf of Brian Gaughan, Kevin Gaughan, Melissa Kelley as Parent of Nichole Surber, Paul Beisner As Parent Of Steven Beisner, Penny Osborn as Parent of Cassandra Craft and Tamara Mcmackin as Parent of Zachary McMackin was filed against Defendants Officer Scott Crawford, Police Chief Larry Mason,  Officer Kelly Given, the City of Marengo, Special Agent William Kroncke, Special Agent Virgil Schroeder, and Sergeant Rodney Riley.

4. On or about July 24, 2008, the United States District Court, Northern District of Illinois, Western Division, ruled that the Plaintiffs in case No. 05 C 4664 should be severed pursuant to Rule 21 of the Federal Rules of Civil Procedure, and separate cases filed.

5. Subsequent to the filing of the initial case, which was filed by Paul Beisner as Parent of Steven Beisner, the plaintiff, STEVEN BEISNER, has obtained his majority.

6. On or about June 9, 2003, and at all times relevant herewith, the plaintiff, STEVEN BEISNER, whose date of birth is June 3, 1988, was a resident of the City of Marengo, County of McHenry and State of Illinois, and he lives at the location of 20115 West Coral Road in said city with said plaintiff.

7. On each of these dates, the defendant, THE CITY OF MARENGO, was a municipal corporation organized under the laws of the State of Illinois.

8. On each of these dates, and at all times relevant herewith, the defendant, OFFICER SCOTT CRAWFORD, was employed by the Police Department of the defendant, THE CITY OF MARENGO.

9. On each of these dates or before said dates, and at all times relevant herewith, the defendant, POLICE CHIEF LARRY MASON, was employed by the Police Department of the defendant, THE CITY OF MARENGO.

10. On each of these dates, and at all times relevant herewith, the defendant, OFFICER KELLY GIVEN, was employed by the Police Department of the defendant, THE CITY OF MARENGO.

## COUNT I
## EXCESSIVE FORCE-1983
## (STEVEN BEISNER)

NOW COMES the plaintiff, STEVEN BEISNER, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD, states that:

1. On or about June 9, 2003, the plaintiff, STEVEN BEISNER, was lawfully on state supported land at or near 300 E. Grant Street in the City of Marengo, County of McHenry and State of Illinois.

2. At the time and place aforesaid, the defendant, OFFICER SCOTT CRAWFORD, approached the plaintiff, STEVEN BEISNER and ordered him to enter an alleyway and place his hands upon the wall.

3. The defendant, OFFICER SCOTT CRAWFORD, without probable cause, provocation, need or explanation, attempted to search the plaintiff, STEVEN BEISNER, and the plaintiff, STEVEN BEISNER, refused.

4. In the course of the attempted search, the defendant, OFFICER SCOTT CRAWFORD, intentionally, needlessly and maliciously slammed the plaintiff, STEVEN BEISNER's, head against the wall.

5. The plaintiff, STEVEN BEISNER, fearing for his own safety, then pushed the defendant, OFFICER SCOTT CRAWFORD, in self-defense.

6. The defendant, OFFICER SCOTT CRAWFORD, then intentionally, needlessly and maliciously grabbed hold of the plaintiff, STEVEN BEISNER, viciously pulled his wrists behind his back causing bodily harm to the plaintiff, STEVEN BEISNER.

7. The defendant, OFFICER SCOTT CRAWFORD, placed handcuffs the plaintiff, STEVEN BEISNER.

8. The defendant, OFFICER SCOTT CRAWFORD, then repeatedly sprayed the plaintiff, STEVEN BEISNER, with pepper spray in the face.

9. During the course of this conduct, the plaintiff, STEVEN BEISNER, repeatedly stated that he did not intend to resist the defendant, OFFICER SCOTT CRAWFORD.

10. After the defendant, OFFICER SCOTT CRAWFORD, repeatedly sprayed the plaintiff, STEVEN BEISNER, with pepper spray, the defendant, OFFICER SCOTT CRAWFORD, intentionally, needlessly, maliciously and repeatedly punched the plaintiff, STEVEN BEISNER, in the stomach causing bodily harm.

11. The defendants then stripped the plaintiff, STEVEN BEISNER, of all of his clothing except for his boxer shorts and gym shorts, placed the plaintiff, STEVEN BEISNER, under arrest, placed him in a police vehicle and drove him to the defendant, THE CITY OF MARENGO, police station.

12. At the police station, the plaintiff, STEVEN BEISNER, was left in the police vehicle with the windows closed, the heat on and still suffering from the effects of the pepper spray for approximately one half hour.

13. Still blinded by the pepper spray, the plaintiff, STEVEN BEISNER, entered a panicked state and attempted to exit the vehicle in order to obtain relief from the oppressive conditions.

14. The plaintiff, STEVEN BEISNER, managed to kick out a rear door window of the police vehicle and was sticking his head out through the opening in order to breathe fresh air when the defendant, OFFICER SCOTT CRAWFORD, returned from the police station.

15. The defendant, OFFICER SCOTT CRAWFORD, intentionally, willfully and maliciously tried to pull the plaintiff, STEVEN BEISNER, through the broken window of the police vehicle and once again sprayed the plaintiff, STEVEN BEISNER, with pepper spray.

16. The defendant, OFFICER SCOTT CRAWFORD, then intentionally, willfully and maliciously threw the plaintiff, STEVEN BEISNER, onto the ground, into a pile of broken glass causing bodily harm, and threatened to shoot the plaintiff, STEVEN BEISNER.

17. The plaintiff, STEVEN BEISNER, remained on the ground for several minutes after which the defendant, OFFICER SCOTT CRAWFORD's, police chief then ordered the defendant to cease these intentional, willful and malicious acts.

18. Subsequently, a mobile medical unit was contacted to treat the plaintiff, STEVEN BEISNER, for injuries suffered from the repeated use of pepper spray and lacerations suffered from the defendant, OFFICER SCOTT CRAWFORD's intentional, willful and malicious acts.

19. At no time prior to or during this altercation did the plaintiff, STEVEN BEISNER, ever use any lewd or derogatory language towards the defendant, and at no time prior to or during the arrest and subsequent detention did the plaintiff, STEVEN BEISNER, make any threatening gestures towards the defendants. The plaintiff, STEVEN BEISNER, never hit or struck the defendants, with the exception of pushing the defendant, OFFICER SCOTT CRAWFORD, out of fear for his personal safety, nor did he ever resist or make any effort to resist the arrest.

20. At the time and place aforesaid, and at all times relevant herewith, the defendant, OFFICER SCOTT CRAWFORD, was acting as the duly authorized agents of the defendant, THE CITY OF MARENGO, and was then and there acting within the scope of said employment with said principal, under the color of state law.

21. In arresting the plaintiff, STEVEN BEISNER, the defendant, OFFICER SCOTT CRAWFORD, used physical force that was clearly excessive in light of the circumstances existing at the time of the arrest. Further, the defendant, OFFICER SCOTT CRAWFORD, used excessive force with the willful and specific intent to inflict unnecessary harm upon plaintiff, STEVEN BEISNER, and such use of force caused and was intended to cause physical and mental injuries to plaintiff, STEVEN BEISNER.

22. The plaintiff, STEVEN BEISNER's, arrest by the defendant, OFFICER SCOTT CRAWFORD with the use of excessive force was in was in violation of his rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

23. The plaintiff, STEVEN BEISNER suffered painful personal injury, humiliation and emotional distress as a result of being arrested with excessive force.

24. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, STEVEN BEISNER, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE**, the plaintiff, STEVEN BEISNER, requests this court enter a Judgment in favor of the plaintiff, STEVEN BEISNER, and against the defendant, OFFICERS SCOTT CRAWFORD, and that the following relief be awarded:

- A. That the plaintiff, STEVEN BEISNER, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);
- B. That the plaintiff, STEVEN BEISNER, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);
- C. That the plaintiff, STEVEN BEISNER, be awarded attorney's fees and costs under section 1988; and
- D. Such other relief as this court deems appropriate.

## COUNT II
## BATTERY

NOW COMES the plaintiff, STEVEN BEISNER, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, OFFICER SCOTT CRAWFORD, states that:

1-21 The plaintiff, STEVEN BEISNER, re-alleges and incorporates by reference Paragraphs 1-21 of Count I of this Complaint as Paragraphs 1-21 of Count II of this Complaint.

22. The defendant, OFFICER SCOTT CRAWFORD's, acts were intended to and did indeed cause bodily harm to the plaintiff, STEVEN BEISNER's, person.

23. The defendant, OFFICER SCOTT CRAWFORD's, acts were committed outside of the scope of his authority and constituted a battery upon the plaintiff, STEVEN BEISNER's, person. Further, the defendant, OFFICER SCOTT CRAWFORD's actions were intended to injure the plaintiff, STEVEN BEISNER.

**WHEREFORE,** the plaintiff, STEVEN BEISNER, requests this court enter a Judgment in favor of the plaintiff, STEVEN BEISNER, and against the defendant, OFFICERS SCOTT CRAWFORD, and that the following relief be awarded:

- A.　That the plaintiff, STEVEN BEISNER, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);
- B.　That the plaintiff, STEVEN BEISNER, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);
- C.　Such other relief as this court deems appropriate.

<u>**COUNT III**</u>
<u>**MARENGO-1983**</u>

NOW COMES the plaintiff, STEVEN BEISNER, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-21 The plaintiff, STEVEN BEISNER, re-alleges and incorporates by reference Paragraphs 1-21 of Count I of this Complaint as Paragraphs 1-21 of Count III of this Complaint.

22. The defendant, THE CITY OF MARENGO, has violated the plaintiff, STEVEN BEISNER's, constitutional rights through implementation of a custom, policy or official acts of the defendant, THE CITY OF MARENGO.

23. The defendant, THE CITY OF MARENGO, has consistently and habitually failed to take the appropriate corrective action against the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers who are guilty of using excessive force.

24. The defendant, THE CITY OF MARENGO, has consistently and habitually failed to conduct adequate investigations into the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers accused of using excessive force.

25. The defendant, THE CITY OF MARENGO, by and through the defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against the defendant, OFFICER SCOTT CRAWFORD and other Marengo police officers guilty of using excessive force.

26. The defendant, THE CITY OF MARENGO, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers, accepted, promulgated and encouraged the conduct of said officers.

27. The defendant, THE CITY OF MARENGO, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers, created a custom and policy of such behavior.

28. The defendant, THE CITY OF MARENGO, as a result of the foregoing, has tacitly approved and implicitly ratified the conduct of the defendant, OFFICER SCOTT CRAWFORD, against the plaintiff, STEVEN BEISNER, and other Marengo police officers guilty of using excessive force.

29. The defendant, THE CITY OF MARENGO, violated the plaintiff, STEVEN BEISNER's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

30. The defendant, THE CITY OF MARENGO, was at all times acting under the color of State law.

31. As a result of the custom and policy of the defendant, THE CITY OF MARENGO, condoning arrests with excessive force, false arrests and malicious prosecutions, the plaintiff, STEVEN BEISNER, suffered painful personal injury, humiliation and emotional distress.

32. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, STEVEN BEISNER, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, STEVEN BEISNER, requests this court enter a Judgment in favor of the plaintiff STEVEN BEISNER, and against the defendant, THE CITY OF MARENGO, and that the following relief be awarded:

    A.    That the plaintiff, STEVEN BEISNER, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B. That the plaintiff, STEVEN BEISNER, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C. That the plaintiff, STEVEN BEISNER, be awarded attorney's fees and costs under section 1988; and

D. Such other relief as this court deems appropriate.

## COUNT IV
## MASON-1983

NOW COMES the plaintiff, STEVEN BEISNER, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, POLICE CHIEF LARRY MASON, states that:

1-21 The plaintiff, STEVEN BEISNER, re-alleges and incorporates by reference Paragraphs 1-21 of Count I of this Complaint as Paragraphs 1-21 of Count IV of this Complaint.

22. The defendant, POLICE CHIEF LARRY MASON, has violated the plaintiff, STEVEN BEISNER's, constitutional rights through implementation of a custom, policy or official acts of the defendant, THE CITY OF MARENGO.

23. The defendant, POLICE CHIEF LARRY MASON, has consistently and habitually failed to take the appropriate corrective action against the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers who are guilty of using excessive force.

24. The defendant, POLICE CHIEF LARRY MASON, has consistently and habitually failed to conduct adequate investigations into the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers accused of using excessive force.

25. The defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers guilty of using excessive force.

26. The defendant, POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers, accepted, promulgated and encouraged the conduct of said officers.

27. The defendant, POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo police officers, created a custom and policy of such behavior.

28. The defendant, POLICE CHIEF LARRY MASON, as a result of the foregoing, has tacitly approved and implicitly ratified the conduct of the defendant, OFFICER SCOTT CRAWFORD, against the plaintiff, STEVEN BEISNER, and other Marengo police officers guilty of using excessive force.

29. The defendant, POLICE CHIEF LARRY MASON, violated the plaintiff, STEVEN BEISNER's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and his right under the Fourteenth Amendment of the United States to due process of law.

30. The defendant, POLICE CHIEF LARRY MASON, was at all times acting under the color of State law.

31. As a result of the custom and policy of the defendant, POLICE CHIEF LARRY MASON, condoning arrests with excessive force of the plaintiff, STEVEN BEISNER, suffered painful personal injury, humiliation and emotional distress.

32. Further, pursuant to 42 U.S.C., sections 1983 and 1988, the plaintiff, STEVEN BEISNER, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, STEVEN BEISNER, requests this court enter a Judgment in favor of the plaintiff, STEVEN BEISNER, and against the defendant, POLICE CHIEF LARRY MASON, and that the following relief be awarded:

- A. That the plaintiff, STEVEN BEISNER, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);
- B. That the plaintiff, STEVEN BEISNER, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);
- C. That the plaintiff, STEVEN BEISNER, be awarded attorney's fees and costs under section 1988; and
- D. Such other relief as this court deems appropriate.

**COUNT V**
**RECKLESS HIRING**

NOW COMES the plaintiff, STEVEN BEISNER, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-21 The plaintiff, STEVEN BEISNER, re-alleges and incorporates by reference Paragraphs 1-21 of Count I of this Complaint as Paragraphs 1-21 of Count V of this Complaint.

22. Prior to his employment with defendant, THE CITY OF MARENGO, defendant, OFFICER SCOTT CRAWFORD, had been fired or forced to resign from the Police Department of the City of Waukegan for misconduct;

23. The defendant's misconduct stemmed from allegations of police brutality and the use of excessive force in the line of duty;

24. The defendant, OFFICER SCOTT CRAWFORD, was fired from his position with the City of Marengo upon conclusion of two internal investigations unrelated to the events alleged in this case, which firing was subsequent to the filing of case No. 05 C 4664.

25. The defendant, THE CITY OF MARENGO, knew or should have known of defendant's past misconduct when hiring the defendant.

26. The defendant, THE CITY OF MARENGO, with a reckless disregard deliberately chose to hire the defendant, OFFICER SCOTT CRAWFORD, despite his unfitness as a law enforcement officer, and this decision was the proximate cause of the physical and emotional injury to the plaintiff, STEVEN BEISNER.

**WHEREFORE,** the plaintiff, STEVEN BEISNER, requests this court enter a Judgment in favor of the plaintiff STEVEN BEISNER, and against the defendant, POLICE CHIEF LARRY MASON, and that the following relief be awarded:

- A. That the plaintiff, STEVEN BEISNER, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);
- B. That the plaintiff, STEVEN BEISNER, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);
- C. Such other relief as this court deems appropriate.

## COUNT VI
## RECKLESS RETENTION
## (STEVEN BEISNER)

NOW COMES the plaintiff, STEVEN BEISNER, by and through his attorneys, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendant, THE CITY OF MARENGO, states that:

1-21. The plaintiff, STEVEN BEISNER, re-alleges and incorporates by reference Paragraphs 1-21 of Count I of this Complaint as Paragraphs 1-21 of Count VI of this Complaint.

22. Prior to his employment with defendant, THE CITY OF MARENGO, defendant, OFFICER SCOTT CRAWFORD, had been fired or forced to resign from the Police Department of the City of Waukegan for misconduct;

23. The defendant's misconduct stemmed from allegations of police brutality and the use of excessive force in the line of duty;

24. The defendant, OFFICER SCOTT CRAWFORD, was fired from his position with the City of Marengo upon conclusion of two internal investigations unrelated to the events alleged in this case, which firing was subsequent to the filing of case No. 05 C 4664.

25. The defendant, THE CITY OF MARENGO, knew or should have known of defendant's past misconduct.

26. The defendant, THE CITY OF MARENGO, despite knowing of defendant's past misconduct and the current investigations pending against the defendant, nonetheless chose to retain the defendant as a law enforcement officer.

27. The defendant, THE CITY OF MARENGO, with a reckless disregard deliberately chose to retain, the defendant, OFFICER SCOTT CRAWFORD, despite his unfitness as a law enforcement officer, and this decision was the proximate cause of the physical and emotional injury to the plaintiff, STEVEN BEISNER.

**WHEREFORE,** the plaintiff, STEVEN BEISNER, requests this court enter a Judgment in favor of the plaintiff STEVEN BEISNER, and against the defendant, POLICE CHIEF LARRY MASON, and that the following relief be awarded:

A. That the plaintiff, STEVEN BEISNER, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);

B. That the plaintiff, STEVEN BEISNER, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);

C. Such other relief as this court deems appropriate.

## COUNT VII
## CONSPRIRACY

NOW COMES the plaintiff, STEVEN BEISNER, by and through his attorney, KEVIN E. O'REILLY and the LAW OFFICES OF KEVIN E. O'REILLY, and complaining of the defendants, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, and OFFICER SCOTT CRAWFORD, states that:

1-21. The plaintiff, STEVEN BEISNER, re-alleges and incorporates by reference Paragraphs 1-21 of Count I of this Complaint as Paragraphs 1-21 of Count VII of this Complaint.

22. The defendant's, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, OFFICER SCOTT CRAWFORD, and other Marengo Police Officers, have conspired to violate the plaintiff, STEVEN BEISNER's, constitutional rights through an agreed implementation of a custom, policy, or official acts of the defendants, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, OFFICER SCOTT CRAWFORD and other Marengo Police Officers.

23. The defendants, THE CITY OF MARENGO and POLICE CHIEF LARRY MASON, have consistently and habitually failed to take the appropriate corrective action against the defendant OFFICER SCOTT CRAWFORD, and other Marengo Police Officers who are guilty of using excessive force, false arrest, and malicious prosecution.

24. The defendants, THE CITY OF MARENGO & POLICE CHIEF LARRY MASON have consistently and habitually failed to conduct adequate investigations into the defendant, OFFICER SCOTT CRAWFORD, and other Marengo Police Officers accused of using excessive force, false arrest, and malicious prosecution.

25. The defendant, THE CITY OF MARENGO, by and through the defendant, POLICE CHIEF LARRY MASON, deliberately refused to take disciplinary action or corrective measures against

the defendants, OFFICER SCOTT CRAWFORD, and other Marengo Police Officers guilty of using excessive force, false arrest and malicious prosecution.

26. The defendants, THE CITY OF MARENGO and POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendant, OFFICER SCOTT CRAWFORD, and other Marengo Police Officers, accepted, promulgated and encouraged the conduct of said officers

27. The defendants, THE CITY OF MARENGO & POLICE CHIEF LARRY MASON, knowing of the aforementioned conduct of the defendants, OFFICER SCOTT CRAWFORD, and other Marengo Police Officers, created a custom and policy of such behavior.

28. The defendants, THE CITY OF MARENGO & POLICE CHIEF LARRY MASON, as a result of the foregoing, have tacitly approved and implicitly ratified the conduct of the defendants, OFFICER SCOTT CRAWFORD, and other Marengo Police Officers, guilty of using excessive force, false arrest, and malicious prosecution against the plaintiff, STEVEN BEISNER.

29. The defendants, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, OFFICER SCOTT CRAWFORD, and other Marengo Police Officers, have conspired to violate the plaintiff, STEVEN BEISNER's, rights under the Fourteenth Amendment of the United States Constitution to be free from unreasonable arrest and their rights under the Fourteenth Amendment of the United States to due process of law.

30. The defendants, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, and OFFICER SCOTT CRAWFORD, were at all times acting under the color of State law.

31. As a result of the agreed upon custom and policy of the defendants, THE CITY OF MARENGO and POLICE CHIEF LARRY MASON, condoning arrests with excessive force, false arrests and malicious prosecutions, the plaintiff, STEVEN BEISNER, was deprived of his constitutional rights, suffered painful personal injuries, humiliation and emotional distress.

32. As a result of the agreed upon custom and policy of the defendants, THE CITY OF MARENGO and POLICE CHIEF LARRY MASON, and the needless and malevolent arrest and prosecution, the plaintiff, STEVEN BEISNER, was required to hire the services of a lawyer and a private investigator to defend himself against the charges incurring substantial legal expenses.

33. Further, pursuant to 42 U.S.C., 1983 and 1988, the plaintiff, STEVEN BEISNER, seeks an award of attorney's fees and costs incurred in bringing this action.

**WHEREFORE,** the plaintiff, STEVEN BEISNER, requests this court enter a Judgment in favor of the plaintiff, STEVEN BEISNER, and against the defendants, THE CITY OF MARENGO, POLICE CHIEF LARRY MASON, and OFFICER SCOTT CRAWFORD, , and that the following relief be awarded:

- A. That the plaintiff, STEVEN BEISNER, be awarded compensatory damages in the amount of Five-Hundred Thousand Dollars ($500,000.00);
- B. That the plaintiff, STEVEN BEISNER, be awarded punitive damages in the amount of One Million Dollars ($1,000,000.00);
- C. That the plaintiff, STEVEN BEISNER, be awarded attorney's fees and costs under section 1988; and
- D. Such other relief as this court deems appropriate.

/S/ Melissa K. Ventrone
Melissa K. Ventrone
Attorney for the Plaintiffs

ATTY #: 6279971
The Law Offices of Kevin E. O'Reilly
Three First National Plaza
70 West Madison Street
Suite 2100
Chicago, Illinois 60602
T	(312) 726-4510
F	(312) 726-4512